Case No. 19 CV 35 (BKS)(CFH)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MIKE DIEDERICH JR., *et al.*,

*Plaintiffs*,

- against -

LETITIA JAMES, *et al.*,

*Defendants*.

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS OF THE CHANCELLOR OF THE NYC DEPARTMENT OF EDUCATION AND BILL DE BLASIO, NEW YORK CITY MAYOR**

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
Attorney for the New York City Department
of Education and Bill de Blasio, New York
City Mayor
100 Church Street
New York, NY 10007

Of Counsel: David S. Thayer
Tel:  (212) 356-2649
Matter No. 2018-075329

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................... III

PRELIMINARY STATEMENT AND RELEVANT FACTS ...................... 1

ARGUMENT ........................................................................... 2

LEGAL STANDARD ................................................................. 2

      POINT I ......................................................................... 4

            PLAINTIFF DIEDERICH LACKS STANDING,
            AND THIS ACTION IS UNRIPE. ....................................... 4

      POINT II ....................................................................... 11

            PLAINTIFF DIEDERICH LACKS PRUDENTIAL
            STANDING. ................................................................. 11

      POINT III ...................................................................... 13

            PLAINTIFFS' AMENDED COMPLAINT
            VIOLATES RULE 8 OF THE FEDERAL RULES
            OF CIVIL PROCEDURE. .......................................... 13

      POINT IV ...................................................................... 14

            *PRO SE* PLAINTIFF DIEDERICH CANNOT
            BRING CLAIMS ON BEHALF OF OTHER
            UNREPRESENTED AND FICTITIOUS MINOR
            PARTIES. ................................................................. 14

      POINT V ....................................................................... 15

            BECAUSE PLAINTIFFS FAILED TO SERVE
            CITY DEFENDANTS WITH PROCESS, THE
            COURT LACKS PERSONAL JURISDICTION
            OVER THE NYCDOE CHANCELLOR AND THE
            NYC MAYOR. ........................................................ 15

      POINT VI ...................................................................... 19

            PLAINTIFFS' STATE-LAW CLAIMS FAIL AS A
            MATTER OF LAW. .................................................. 19

CONCLUSION ...................................................................... 22

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*,
   458 F. Supp. 2d 160 (S.D.N.Y. 2006)......................................................................................4

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
   671 F.3d 140 (2d Cir. 2011)....................................................................................................2

*Ariz. Christian Sch. Tuition Org. v. Winn*,
   563 U.S. 125 (2011)............................................................................................................8, 10

*ASARCO, Inc. v. Kadish*,
   490 U.S. 605 (1989)..................................................................................................................8

*In re Bd. of Educ. v. Allen*,
   160 N.E.2d 60 (N.Y. 1959).....................................................................................................21

*Bd. of Educ. v. N.Y. State Teachers Ret. Sys.*,
   50 F.3d 106 (2d. Cir. 1995)......................................................................................................8

*Bender v. City of New York*,
   09-CV-3286, 2011 U.S. Dist. LEXIS 103947 (S.D.N.Y. Sept. 14, 2011).............................13

*In re Bennett v. City Sch. Dist.*,
   497 N.Y.S.2d 72 (App. Div. 2d Dep't 1985).........................................................................20

*Bergman v. De Sieyes*,
   170 F.2d 360 (2d Cir. 1948)....................................................................................................17

*Bertin v. United States*,
   478 F.3d 489 (2d Cir. 2007)......................................................................................................3

*Blakely v. Wells*,
   209 F. App'x 18 (2d Cir. 2006) ..............................................................................................13

*Bliven v. Hunt*,
   478 F. Supp. 2d 332 (E.D.N.Y. 2007) ......................................................................................3

*Brooks v. County of Nassau*,
   54 F. Supp. 3d 254 (E.D.N.Y. 2014) ......................................................................................19

*Brown v. Metro. Transp. Auth.*,
   717 F. Supp. 257 (S.D.N.Y. 1989) .........................................................................................20

*Bullock v. Cooley*,
   122 N.E. 630 (N.Y. 1919).........................................................................................21

*Canning v. Admin. for Children's Servs.*,
   588 F. App'x 48 (2d Cir. 2014) ................................................................................2

*Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*,
   906 F.2d 59 (2d Cir. 1990)...................................................................5, 6, 14, 15

*Chira v. Columbia Univ.*,
   289 F. Supp. 2d 477 (S.D.N.Y. 2003).......................................................................3

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983)....................................................................................................5

*Cont'l Indus. Grp., Inc. v. Altunkilic*,
   633 F. App'x 61 (2d Cir. 2016) .............................................................................17

*Costabile v. County of Westchester*,
   485 F. Supp. 2d 424 (S.D.N.Y.)............................................................................19

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006)..............................................................................................8, 9

*DiFillipo v. Special Metals Corp.*,
   299 F.R.D. 348 (N.D.N.Y. 2014).............................................................................3

*Doremus v. Bd. of Educ.*,
   342 U.S. 429 (1952)..............................................................................................8, 9

*Dukes ex rel. Dukes v. N.Y.C. Emps.' Ret. Sys.*, 581 F. App'x 81 (2d Cir. 2014) ..........................3

*Erickson v. Pardus*,
   551 U.S. 89 (2007)..................................................................................................14

*Faccio v. Eggleston*,
   1:10-CV-783, 1:10-CV-699, 2011 U.S. Dist. LEXIS 936 (N.D.N.Y. Aug. 22,
   2011) ................................................................................................................19, 20

*Gianatasio v. D'Agostino*,
   No. 11, Civ. 3095, 2011 U.S. Dist. LEXIS 126908 (S.D.N.Y. Nov. 2, 2011) ..........................3

*Goldberg v. Corcoran*,
   549 N.Y.S.2d 503 (App. Div. 2d Dep't 1989).......................................................15

*Grasso v. Schenectady Cty. Pub. Library*,
   817 N.Y.S.2d 186 (App. Div. 3d Dep't 2006).......................................................19

*Hardy v. N.Y.C. Health & Hosps. Corp.*,
   164 F.3d 789 (2d Cir. 1999)...............................................................................19

*Heldman v. Sobol*,
   962 F.2d 148 (2d Cir. 1992)...............................................................................4, 7

*Hillside Metro Assocs., LLC v. JPMorgan Chase Bank*,
   747 F.3d 44 (2d Cir. 2014)................................................................................12

*Holtz v. Rockefeller & Co.*,
   258 F.3d 62 (2d Cir. 2001)..................................................................................3

*In re Ignizio v. City of New York*,
   925 N.Y.S.2d 664 (App. Div. 2d Dep't 2011)..............................................20, 21

*James v. Bd. of Educ.*,
   366 N.E.2d 1291 (N.Y. 1977)...........................................................................20

*Kalderon v. Finkelstein*,
   495 F. App'x 103 (2d Cir. 2012) ..................................................................13, 14

*Khan v. Khan*,
   360 F. App'x 202 (2d Cir. 2010) .........................................................................3

*Kisembo v. N.Y.S. Office of Children & Family Servs.*,
   285 F. Supp. 3d 509 (N.D.N.Y. 2018)................................................................3

*Knight First Amendment Inst. at Columbia Univ. v. Trump*,
   302 F. Supp. 3d 541 (S.D.N.Y. 2018).................................................................4

*Lance v. Coffman*,
   549 U.S. 437 (2007)........................................................................................6, 7

*LeBlanc v. Cleveland*,
   198 F.3d 353 (2d Cir. 1999)................................................................................3

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   573 U.S. 118 (2014).........................................................................................12

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)..............................................................................4, 7, 9, 11

*Lumbersmen Mut. Cas. Co. v. Port Auth. of N.Y. & N.J.*,
   525 N.Y.S.2d 343 (App. Div. 2d Dep't 1988).................................................19

*Massachusetts v. Mellon* (*Frothingham v. Mellon*),
   262 U.S. 447 (1923).......................................................................................8, 9

*McLeod v. Jewish Guild for the Blind*,
  864 F.3d 154 (2d Cir. 2017)........................................................................................3

*MacAffer ex rel. Mechanicville & Fort Edward R.R. Co. v. Boston & Me. R.R.*,
  127 N.E. 328 (N.Y. 1935)..........................................................................................15

*Montesa v. Schwartz*,
  836 F.3d 176 (2d Cir. 2016)..........................................................................7, 8, 9, 10

*Nat'l Org. for Marriage, Inc. v. Walsh*,
  714 F.3d 682 (2d Cir. 2013)......................................................................................11

*Nat'l Rifle Ass'n of Am. v. Cuomo*,
  1:18-CV-0566, 2018 U.S. Dist. LEXIS 199687 (N.D.N.Y. Nov. 6, 2018).........5, 12

*Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*,
  894 F.3d 95 (2d Cir. 2018).......................................................................................4, 7

*Pac. States Tel. & Tel. v. Oregon*,
  223 U.S. 118 (1912)....................................................................................................5

*Perez v. City of New York*,
  837 N.Y.S.2d 571 (App. Div. 1st Dep't 2007) ...........................................................1

*Pritchard v. Curtis*,
  957 N.Y.S.2d 440 (App. Div. 3d Dep't 2012) .........................................................19

*In re Quinn v. Wallkill Cent. Sch. Dist. Bd. of Educ.*,
  16 N.Y.S.3d 277 (App. Div. 2d Dep't 2015) ..........................................................19

*Rajamin v. Deutsche Bank Nat'l Trust Co.*,
  757 F.3d 79 (2d Cir. 2014)...................................................................................11, 12

*Rothstein v. UBS AG*,
  708 F.2d 82 (2d Cir. 2013)..........................................................................................4

*Salahuddin v. Cuomo*,
  861 F.2d 40 (2d Cir. 1988)...................................................................................13, 14

*Schulz v. N.Y. State Exec.*,
  960 F. Supp. 568 (N.D.N.Y. 1997) .............................................................................5

*Simmons v. Abruzzo*,
  49 F.3d 83 (2d Cir. 1995)...........................................................................................13

*Simon v. E. Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976)......................................................................................................7

VI

*Singleton v. Wulff*,
    428 U.S. 106 (1976)..................................................................................12

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016)...........................................................................4, 7

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*,
    752 F.3d 239 (2d Cir. 2014)..................................................................2, 3

*Texas Monthly, Inc. v. Bullock*,
    489 U.S. 1 (1989)....................................................................................10

*Tracy v. Freshwater*,
    623 F.3d 90 (2d Cir. 2010)........................................................................3

*United States v. New York*,
    972 F.2d 464 (2d Cir. 1992)......................................................................8

*United States v. Suarez*,
    791 F.3d 363 (2d Cir. 2015)....................................................................12

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*,
    454 U.S. 464 (1982)..................................................................................8

*Warth v. Seldin*,
    422 U.S. (1975).......................................................................................12

*Yennard v. Boces*,
    241 F. Supp. 346 (N.D.N.Y. 2017)....................................................19, 20

*Young Advocates for Fair Educ. v. Cuomo*,
    18-CV-4167, 2019 U.S. Dist. LEXIS 8181 (E.D.N.Y. Jan. 16, 2019) ...............................2, 11

*Zavalidroga v. Cuomo*,
    6:11-CV-831 (NAM/ATB), 2012 U.S. Dist. LEXIS 107432 (N.D.N.Y. July 31, 2012) ..................................................................................8, 9

## Statutes

N.Y. Educ. Law § 310 (Consol. 2019) ................................................20, 21

N.Y. Educ. Law § 3813 (Consol. 2019) ..............................................19, 20

N.Y. Gen. Mun. Law § 50-i (Consol. 2019) .............................................19

N.Y. Gen. Mun. Law § 50-e (Consol. 2019) ............................................19

**Other Authorities**

*Black's Law Dictionary* (9th ed. 2009)..................................................................................4

5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281 (1969)...................................13

Fed. R. Civ. P. 4.....................................................................................................................16

Fed. R. Civ. P. 8.................................................................................................................2, 13

Fed. R. Civ. P. 12.....................................................................................................................3

Fed. R. Civ. P. 17...............................................................................................................14, 15

N.Y. C.P.L.R. § 205 (Consol. 2019).............................................................................15, 16, 17

N.Y. C.P.L.R. § 306-b (Consol. 2019) ..............................................................................17, 18

N.Y. C.P.L.R. § 308 (Consol. 2019)..................................................................................17, 18

N.Y. C.P.L.R. § 312-a (Consol. 2019)..............................................................................17, 18

N.Y. C.P.L.R. § 1201 (Consol 2019)................................................................................14, 15

N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, Rule 1.7 (2019)................................................14

U.S. Const. amend. I ..........................................................................................*passim*

U.S. Const. amend. XIV ...............................................................................................5, 7, 15

U.S. Const. art. III.............................................................................................................7, 11

U.S. Const. art. IV, § 4.......................................................................................................5, 11, 15

## PRELIMINARY STATEMENT AND RELEVANT FACTS

*Pro se* Plaintiff Mike Diederich, an attorney and a taxpayer and resident of Stony Point, Rockland County, New York, (Am. Compl. 7 ¶ 15-16, 71 ¶ 277,) a brings this action on behalf of himself and two fictitious minor Doe plaintiffs, Joshua and Janna Doe ("Doe Plaintiffs"), whom he claims represent a class of Hasidic children at certain religious schools in Rockland County and the City of New York, (*id.* at 5 ¶ 2.) Across fourteen causes of action, Plaintiffs contend that their rights under New York and federal law have been violated by, among others, the New York City Mayor ("NYC Mayor")[1] and the Chancellor of the New York City Department of Education ("NYCDOE Chancellor") (collectively "City Defendants"), who have allegedly failed to supervise certain Jewish religious schools adequately to ensure that children in those schools receive an appropriate secular education. (*See, e.g.*, Am. Compl. 71 ¶ 273.) This, Plaintiffs appear to contend, is the result of a recent amendment to the N.Y. Education Law. (*See* Am. Compl. 15 ¶ 49 - 30 ¶ 73.)

Whereas the Doe Plaintiffs are fictitious minors that Plaintiff Diederich envisions attend these religious schools, Plaintiff Diederich bases his own standing to bring this claim on the grounds that, *inter alia*, he is a taxpayer of Stony Point, Rockland County, New York, and that his property values will decrease, his taxes will increase, traffic will worsen, and municipal services will be negatively impacted. (*See* Am. Compl. 71-72 ¶¶ 271, 278.) Plaintiff Diederich does not allege that he has school age children or is in any way connected to the City School District of the City of New York.

---

[1] The NYC Mayor is not a proper party to this action because the City of New York and the New York City Department of Education are separate and distinct legal entities. *Perez v. City of New York*, 837 N.Y.S.2d 571, 572 (App. Div. 1st Dep't 2007). Supervision of the public schools rests with the NYCDOE Chancellor.

Instead, Plaintiff Diederich uses the majority of the Amended Complaint to expound upon his views regarding republican government, civic responsibility, conscription, religious minorities, a hypothetical establishment of a town in New York by the Vatican City State, a dismissed action in the United States District Court for the Eastern District of New York,[2] and how, as he puts it, the "Radical, Insular Hasidic culture is a threat to liberal democracy," (Am. Compl. 63.)

City Defendants move to dismiss Plaintiffs' Amended Complaint on the grounds that (1) Plaintiff Diederich lacks standing and this action is unripe; (2) Plaintiff Diederich lacks prudential standing; (3) Plaintiffs' Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure; (4) *Pro se* Plaintiff Diederich cannot bring claims on behalf of other unrepresented and fictitious minor parties; (5) because Plaintiff has failed to serve City Defendants with process, the Court lacks personal jurisdiction over the NYCDOE Chancellor and the NYC Mayor; and (6) Plaintiffs' state-law claims fail as a matter of law.

## ARGUMENT

### LEGAL STANDARD

With regards to a motion under 12(b)(1) of the Federal Rules of Civil Procedure, the court "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citing *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)). Where the facts are in dispute, however, the party asserting subject matter jurisdiction must prove the existence of jurisdiction by a preponderance of the evidence. *Canning v. Admin. for Children's Servs.*, 588 F. App'x 48, 49

---

[2] *Young Advocates for Fair Educ. v. Cuomo*, 18-CV-4167, 2019 U.S. Dist. LEXIS 8181 (E.D.N.Y. Jan. 16, 2019).

(2d Cir. 2014); *Dukes ex rel. Dukes v. N.Y.C. Emps.' Ret. Sys.*, 581 F. App'x 81, 82 (2d Cir. 2014); *see also Kisembo v. N.Y.S. Office of Children & Family Servs.*, 285 F. Supp. 3d 509, 517 (N.D.N.Y. 2018). Furthermore, "where jurisdictional facts are placed in dispute, the court has the power and obligations to decide issues of fact by reference to evidence outside the pleadings . . . ." *LeBlanc v. Cleveland,* 198 F.3d 353, 356 (2d Cir. 1999); *see also Tandon*, 752 F.3d at 243.

A party moving for dismissal on the grounds of insufficiency of process under Rule 12(b)(4) of the Federal Rules of Civil Procedure "'must identify substantive deficiencies in the summons.'" *DiFillipo v. Special Metals Corp.*, 299 F.R.D. 348, 352-53 (N.D.N.Y. 2014) (citing *Gianatasio v. D'Agostino*, No. 11, Civ. 3095, 2011 U.S. Dist. LEXIS 126908, at *6 (S.D.N.Y. Nov. 2, 2011)). By contrast, where a party moves for dismissal on the grounds of insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure, "'the plaintiff bears the burden of establish that service was sufficient.'" *Id.* at 353 (quoting *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010)).

In general, where a pleading has been submitted by *pro se* litigants, courts must liberally construe the pleadings "'to raise the strongest arguments they suggest.'" *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)). Where, however, the *pro se* litigant is an attorney, "his pleading is not entitled to the degree of liberality given to non-attorney *pro se* plaintiffs." *Bliven v. Hunt*, 478 F. Supp. 2d 332, 334-35 (E.D.N.Y. 2007) (citing *Chira v. Columbia Univ.*, 289 F. Supp. 2d 477, 482 (S.D.N.Y. 2003)); *see also Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (citing *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001)).

**POINT I**

**PLAINTIFF DIEDERICH LACKS STANDING,
AND THIS ACTION IS UNRIPE.**

**A.     Standing**

Standing requires that a plaintiff have suffered (1) an "injury-in-fact, which means 'an actual or imminent' and 'concrete and particularized' harm to a 'legally protected interest'; (2) causation of the injury, which means that the injury is 'fairly traceable' to the challenged action of the defendant; and (3) redressability, which means that it is 'likely,' not speculative, that a favorable decision by a court will redress the injury." *Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95, 103 (2d Cir. 2018) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not conjectural or hypothetical.'" *Lujan*, 504 U.S. at 560 (internal citations and quotations omitted). A "'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citing *Black's Law Dictionary* 479 (9th ed. 2009)); *see also Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 557 (S.D.N.Y. 2018). In order to be particularized, an injury must also "'affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1549 (citing *Lujan*, 504 U.S. at 560 n.1). To establish that an injury is fairly traceable to a defendant, a "plaintiff must 'demonstrate a causal nexus between the defendant's conduct and the injury.'" *Rothstein v. UBS AG*, 708 F.2d 82, 91 (2d Cir. 2013) (quoting *Heldman v. Sobol*, 962 F.2d 148, 156 (2d Cir. 1992)). This requires a showing of something less than proximate cause. *See id.* at 92. Finally, to "establish standing for an injunction, a plaintiff must not merely allege past injury, but also a risk of future harm." *Access 4*

*All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 167 (S.D.N.Y. 2006) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02, 105 (1983)); *see also Nat'l Rifle Ass'n of Am. v. Cuomo*, 1:18-CV-0566, 2018 U.S. Dist. LEXIS 199687, at *52-54 (N.D.N.Y. Nov. 6, 2018).

The majority of the claims in the Amended Complaint are made on behalf of the fictitious Doe plaintiffs and other Hasidic children, on whose behalf Plaintiff Diederich cannot bring suit. *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990).[3] Indeed, the Equal Protection Clause claims, (Am. Compl. 69-73,) the Guarantee Clause claim, (*id.* at 74-77,)[4] the right to petition claim, (Am. Compl. 77-78,) the Thirteenth and Fourteenth Amendment claims, (Am. Compl. 78-85,) the educational neglect claim, (Am. Compl. 89,) and the Education Law claims, (Am. Compl. 89-94,) are all levied on behalf of the minor Doe Plaintiffs.[5] For example, in relation to the Equal Protection Clause claim, Plaintiff 's allegations focus solely on the Hasidic children whom he avers "are insufficiently versed in civics and the affairs of secular society" and for whom "the Department of Education officials, and the heads of the public school systems that supposedly supervise the Hasidic schools, have the obligation to do their duty and intervene, to protect these children's rights, and to protect the larger society and the functioning of democracy." (Am. Compl. 69 ¶ 267, 71 ¶ 273.) Plaintiff also appears to suggest that City Defendants have, "in fostering the creation and expansion of

---

[3] The capacity of the minor Doe Plaintiffs and the ability of Plaintiff Diederich to assert claims on their behalf while he himself is *pro se* is discussed at greater length *infra*.

[4] Historically, claims under the Guarantee Clause have also largely been non-justiciable, especially where the Clause is being used to "challenge a state's own lawmaking." *Schulz v. N.Y. State Exec.*, 960 F. Supp. 568, 575-76 (N.D.N.Y. 1997). This is because a Guarantee Clause claim essentially "'demand[s] of the state that it establish its right to exist as a state, republican in form'" rather than call into question the constitutional propriety of any particular act. *See Schulz*, 960 F. Supp. at 576 (quoting *Pac. States Tel. & Tel. v. Oregon*, 223 U.S. 118, 151 (1912)).

[5] Plaintiffs' Sixth, Eleventh, Thirteenth, and Fourteenth causes of action are not directed at the City Defendants.

Hasidic ghettos," aided and abetted the "non-provision of adequate secular education for Hasidic youth" and thereby injured them in violation of the Establishment Clause. (Am. Compl. 88-89 ¶ 373.) He also contends that City Defendants "take action that favors one religious group (Hasidics) over another religious grouping (all non-Hasidics)." (Am. Compl. 103 ¶ 425.) Again, Plaintiff Diederich cannot bring these claims on behalf of the non-existent minor Doe Plaintiffs. *Cheung*, 906 F.2d at 61. Moreover, to the extent that these and other allegations are simply contentions that the NYCDOE Chancellor or the NYC Mayor violated the rights of fictitious children by not observing what Plaintiff Diederich believes are their responsibilities, "[t]his injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government" that the Supreme Court has found is not a "particularized stake in the litigation" sufficient to constitute an injury-in-fact. *Lance v. Coffman*, 549 U.S. 437, 442 (2007). Plaintiff Diederich cannot show how these would-be harms to fictitious children would result in a harm to him sufficient to establish standing.

Plaintiff Diederich lacks standing in this action. His asserted bases for standing are, *inter alia*, allegations that he and other taxpayers will endure lessened property values, "increased local taxes, and lost democracy." (Am. Compl. 72 ¶ 278.) He alternatively describes his purported injury as the potential that the "Hasidic leadership" will come to his town and will "change land use regulations," "permit activities . . . that involve much more traffic," and demand "significantly increased municipal services without paying for such services." (Am. Compl. 72 ¶ 281.) Diederich also hypothesizes the creation of a Roman Catholic town in New York by the Vatican City State and posits several questions that the foundation of this imaginary town might present. (Am. Compl. 75-77.) These purported injuries to Plaintiff Diederich are patently speculative, hypothetical, and not concrete. Moreover, these allegations are not

"particularized" to Plaintiff Diederich but are instead diffuse, "undifferentiated, generalized grievance[s]" that all members of the public in his town would theoretically endure. *Lance*, 549 U.S. at 442. In sum, Plaintiff Diederich's would-be injuries neither "actually exist" nor do they affect him "in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548-49. Plaintiff Diederich has therefore not endured an injury-in-fact and lacks standing. *See Nat. Res. Def. Council*, 894 F.3d at 103.

Even if Plaintiff Diederich had endured an injury-in-fact, however, such injuries would not be fairly traceable to City Defendants. Plaintiff Diederich makes clear that he is not domiciled in the City of New York, nor has he described any relationship with the New York City school district. (*See* Am. Compl., 4 ¶ 1 (describing Plaintiff Diederich as a "taxpayer of the Town of Stony Point").) In addition to being a non-resident of the City of New York, Plaintiff Diedierich fails to allege facts establishing a "causal nexus" between the conduct of City Defendants and his purported injuries. *Heldman*, 962 F.2d at 156. He does not elucidate how City Defendants' alleged failure to adequately supervise schools in the City of New York will affect traffic, property values, or taxes in Rockland County. This is not sufficient, and Plaintiff Diederich's harms are not "*fairly* traceable" to City Defendants. *Lujan*, 504 U.S. at 560 (emphasis added) (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)). Accordingly, Plaintiff Diederich lacks standing in this action, and this action should be dismissed for lack of Article III subject matter jurisdiction.

### 1.  Establishment Clause

Construing Plaintiffs' claims liberally, Plaintiffs' claims may suggest an Establishment Clause claim, though Plaintiffs occasionally couch these claims in the language of the Equal Protection Clause, (*see, e.g.*, Am. Compl. 71-74; Am. Compl. 101-03.) Standing in actions asserting Establishment Clause violations often rely on generalized harms, *see Montesa*

*v. Schwartz*, 836 F.3d 176, 196 (2d Cir. 2016) (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 475 (1982)), and so standing analyses in this realm are unique. Nevertheless, Plaintiff Diederich's claims do not satisfy any of the theories of Establishment Clause standing, *i.e.*, "(1) taxpayer, (2) direct [exposure], and (3) denial of benefits." *Montesa*, 836 F.3d at 195 (citing *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 129-30 (2011)).

### (i) Taxpayer

Taxpayer standing, for the purposes of a claim against actors like the NYCDOE Chancellor and the NYC Mayor, may be in some cases predicated upon a plaintiff's status as a state taxpayer.[6] *See, e.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006); *Doremus v. Bd. of Educ.*, 342 U.S. 429, 433 (1952); *Zavalidroga v. Cuomo*, 6:11-CV-831 (NAM/ATB), 2012 U.S. Dist. LEXIS 107432, at *4-5 (N.D.N.Y. July 31, 2012). To secure standing under this theory, plaintiffs must show that they have a "'good-faith pocketbook action,' in which [they allege] injury to a 'direct and particular financial interest.'" *Bd. of Educ. v. N.Y. State Teachers Ret. Sys.*, 50 F.3d 106, 110 (2d. Cir. 1995) (quoting *Doremus*, 342 U.S. at 434-35); *Zavalidroga*, 2012 U.S. Dist. LEXIS 107432, at *4-5. This ensures that a plaintiff seeking standing does not simply rely on allegations "that he suffers in some indefinite way in common with people generally." *Massachusetts v. Mellon* (*Frothingham v. Mellon*), 262 U.S. 447, 488 (1923).

---

[6] Plaintiff Diederich makes clear that he is not domiciled in the City of New York or the school district coterminous with the City. (*See* Compl., 4 ¶ 1 (describing Plaintiff Diederich as a "taxpayer of the Town of Stony Point").) He therefore cannot assert that, as a taxpayer of the City of New York, the decisions or conduct of the NYCDOE Chancellor or the NYC Mayor have "'direct and immediate'" effect on him. *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 613 (1989) (quoting *Massachusetts v. Mellon* (*Frothingham v. Mellon*), 262 U.S. 447, 486-87 (1923)). He therefore lacks municipal taxpayer standing. *See Frothingham*, 262 U.S. at 486-87; *United States v. New York*, 972 F.2d 464, 471 (2d Cir. 1992).

Here, however, Plaintiff Diederich lacks taxpayer standing. He has failed to specify a "direct and particular financial interest" to himself, instead relying on an allegation that an anticipated "exponential growth of the nearby Hasidic community" will result in his town, his county, his school district, his solid waste authority, and the State of New York being "affected" (Am. Compl. 7 ¶ 15.) This statement essentially contends that Plaintiff Diederich's taxes will increase by virtue of a strain on various governmental entities. (*See, e.g.*, Am. Compl. 71-72 ¶¶ 277-80.) This type of hypothetical and "indefinite" injury "in common with people generally" is inadequate to provide standing under the Establishment Clause. *Mellon*, 262 U.S. at 488; *Zavalidroga*, 2012 U.S. Dist. LEXIS 107432, at *4-5 (citing *Cuno*, 547 U.S. at 344). Furthermore, Plaintiff Diederich has failed to make plausible allegations establishing a causal nexus between the conduct of the NYCDOE Chancellor and the NYC Mayor, on the one hand, and Plaintiff Diederich's taxes and property values, on the other hand, such that any financial effects on him could be said to be "fairly traceable" to City Defendants. *Lujan*, 504 U.S. at 560 (quotations omitted). To the contrary, it is doubtful that conduct of the NYC Mayor or the NYCDOE Chancellor would affect Plaintiff Diederich, as he is not a resident of the City of New York. (*See* Am. Compl., 4 ¶ 1, 7 ¶ 15.) This is therefore not a "good faith pocketbook action" with a "direct and particular financial interest" of Plaintiff Diederich at stake. *Doremus*, 342 U.S. at 434-35.

### (ii) Direct Exposure

A plaintiff prosecuting a case under a direct exposure theory of Establishment Clause standing may do so in two ways: (1) alleging that he was "exposed to and affected by a law that on its face establishes religion ('religious law' cases)" or (2) alleging that he was "exposed to and affected by a religious expression or message sponsored or promoted by the government, ('expression' cases)." *Montesa*, 836 F.3d at 196. Expressions cases typically arise

where plaintiffs contend that they are "constrained or otherwise subject to control under a governmental policy, regulation, or statute grounded in a 'religious' tenet or principle" or where they are "personally confronted with a government-sponsored religious expression that directly touches [their] religious or non-religious sensibilities." *Id.* at 197. This "exposure to the religious object of the challenged governmental action" engenders the plaintiff's injury. *Id.* at 197-98.

On traceability grounds, Plaintiff Diederich does not satisfy this theory of standing. Plaintiff Diederich is not a resident of the City of New York and does not have children attending school in its school district. (*See* Am. Compl. 4 ¶ 1, 7 ¶ 15, 71-72 ¶ 277.) He therefore was not exposed to any alleged "religious object" of the NYCDOE Chancellor or the NYC Mayor. *Montesa*, 836 F.3d at 196. Likewise, Plaintiff Diederich fails to establish that City Defendants constrained or subjected him to control using a religiously grounded law in a way that "directly" touched his sensibilities. *Id.* at 197. In fact, Diederich does not even specify his own beliefs or non-beliefs. He merely alleges in conclusory terms that City Defendants preference one religious group over another. (Am. Compl. 103 ¶ 425.) Plaintiff therefore fails to establish his standing under the direct exposure theory.

### (iii) Denial of Benefits

A plaintiff seeking Establishment Clause standing under a theory of denial of benefits must allege that he incurred costs or was denied an otherwise available benefit on account of his religion. *See Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 130 (citing *Texas Monthly, Inc. v. Bullock*, 489 U.S. 1, 8 (1989) (plurality opinion)). Plaintiff Diederich fails to allege that he has incurred any costs or was denied any benefit to which he was otherwise entitled by virtue of City Defendants' conduct. He therefore lacks standing.

**B.     Ripeness**

Constitutional ripeness relates to standing in that, if an action is unripe, it is because the plaintiff's purported injury "is not 'actual or imminent,' but instead 'conjectural or hypothetical.'" *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)); *see also Young Advocates for Fair Educ. v. Cuomo*, 18-CV-4167, 2019 U.S. Dist. LEXIS 8181, at *42-43 (E.D.N.Y. Jan. 16, 2019).

Plaintiff describes one of his purported injuries as the possibility that the "Hasidic leadership" will come to his town and will "change land use regulations," "permit activities . . . that involve much more traffic," and demand "significantly increased municipal services without paying for such services." (Am. Compl. 72 ¶ 281.) None of these purported harms has happened, and any claim relating to these alleged injuries is speculative and unripe. Similarly, Plaintiffs' Guarantee Clause claim hypothesizes the creation of a Roman Catholic town in New York by the Vatican City State, (Am. Compl. 75-77,) and this hypothetical injury is also unripe. Plaintiffs' claims about decreased property values and increased taxes, (*see* Am. Compl. 72 ¶ 278,) are also similarly hypothetical.

Because Plaintiff Diederich lacks standing under either the traditional standing analysis or the Establishment Clause standing analysis, because he cannot represent fictitious minor parties whose own standing is questionable, and because this action is unripe, this Court should dismiss this action for lack of Article III subject matter jurisdiction.

## POINT II

### PLAINTIFF     DIEDERICH     LACKS PRUDENTIAL STANDING.

Prudential standing is a principle that prevents plaintiffs "'from asserting the rights or legal interests of others in order to obtain relief from injury to themselves.'" *Rajamin v.*

11

*Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 86 (2d Cir. 2014) (quoting *Warth v. Seldin*, 422 U.S. , 509 (1975)); *see also United States v. Suarez*, 791 F.3d 363, 366-67 (2d Cir. 2015) (noting that courts can rule on prudential standing rather than constitutional standing when issues regarding both are raised) (citing *Hillside Metro Assocs., LLC v. JPMorgan Chase Bank*, 747 F.3d 44, 48 (2d Cir. 2014)); *Nat'l Rifle Ass'n of Am. v. Cuomo*, 1:18-CV-0566, 2018 U.S. Dist. LEXIS 199687, at *125 (N.D.N.Y. Nov. 6, 2018) (noting prudential standing's role in barring "adjudication of generalized grievances more appropriately addressed in the representative branches [of government]" and ensuring that third-party "holders of . . . rights . . . do not wish to assert them") (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 573 U.S. 118, 126 (2014); *Singleton v. Wulff*, 428 U.S. 106, 113-14 (1976)).

The allegations contained in the Amended Complaint essentially amount to claims by Plaintiff Diederich that various governmental entities are not providing or ensuring an adequate secular education for Jewish students attending a particular type of religious school. (*See, e.g.*, Am. Compl. 93 ¶¶ 395-96.) In essence, under the guise of protecting Jewish children's right to an education, Plaintiff Diederich attempts to avoid a "takeover" of his town by Hasidim. (Am. Compl. 55 ¶ 202.) Diederich's claim on behalf of third-parties to protect his own interests is precisely the type of claim that prudential standing seeks to prevent. *See Rajamin*, 757 F.3d at 86. This Court should therefore decline to find prudential standing and instead leave Plaintiff Diederich's grievances to resolution in the political arena. *Nat'l Rifle Ass'n of Am.*, 2018 U.S. Dist. LEXIS 199687, at *125.

# POINT III

## PLAINTIFFS' AMENDED COMPLAINT VIOLATES RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Rule 8(a) requires that a complaint "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement should be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Bender v. City of New York*, 09-CV-3286, 2011 U.S. Dist. LEXIS 103947 (S.D.N.Y. Sept. 14, 2011) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)). When a complaint violates Rule 8, a court may, *sua sponte* or on a defendant's motion, strike repetitive or irrelevant portions or dismiss the complaint completely. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). Dismissal is appropriate where a complaint is "far from short or plain." *Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006); *see also Kalderon v. Finkelstein*, 495 F. App'x 103, 105 (2d Cir. 2012) (dismissing 126-page complaint and giving leave to amend). A complaint need not be unclear to be dismissed for failure to comport with Rule 8(a). *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988) (dismissing 15-page single-spaced complaint "in light of [its] length and detail" and even though it was "neither vague nor incomprehensible").

Plaintiffs' Amended Complaint should be dismissed. At 105 pages, with 436 paragraphs (excluding subparts), the Amended Complaint is neither short nor plain. It is instead a personal manifesto espousing Plaintiff Diederich's views that a cabal of Jewish leaders is conspiring with governmental actors to deprive Hasidic children of a secular education. To that end, the majority of the Amended Complaint recounts prior cases, hypothesizes future harms, draws questionable analogies, and omits mention of City Defendants. The length of the

Amended Complaint and its scattershot and irrelevant allegations therefore "place[] an unjustified burden on the court and the [City Defendants]." *Salahuddin*, 861 F.2d at 41. Furthermore, although plaintiffs are *pro se* and *pro se* plaintiffs are typically afforded latitude in pleading, Plaintiff Diederich is an attorney and the author of the Amended Complaint and, "as officers of the court, [attorneys] are held to a higher standard." *Kalderon v. Finkelstein*, 495 F. App'x 103, 106 (2d Cir. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The Amended Complaint should therefore be dismissed.

**POINT IV**

***PRO SE* PLAINTIFF DIEDERICH CANNOT BRING CLAIMS ON BEHALF OF OTHER UNREPRESENTED AND FICTITIOUS MINOR PARTIES.**

Actions "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). In certain circumstances, a fiduciary, such as a guardian, committee, or conservator, or a next friend or guardian *ad litem*, may institute an action in its own name on behalf of a minor rather than in the name of the minor. Fed. R. Civ. P. 17(c); *see also* N.Y. C.P.L.R. 1201 (Consol 2018). Plaintiffs *pro se*, however, may not bring claims on behalf of other parties, including minors who cannot institute actions on their own under New York law. *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); N.Y. C.P.L.R. § 1201 (Consol. 2019).[7]

Plaintiff Diederich acknowledges that the minor Doe Plaintiffs do not exist and are outright "fictitious Joshua Doe and Janna Doe plaintiffs." (Am. Compl. 8 ¶ 22; *see also* Am. Compl. 71 ¶ 275 (seeking relief "to the extent [Doe Plaintiffs] are identified as actual persons")).)

---

[7] The fact that Plaintiff Diederich is an attorney makes no difference in this action, and indeed, might pose additional issues regarding professional ethics and conflicts of interest. *See, e.g.*, N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, Rule 1.7(a) (2019).

These plaintiffs, Plaintiff Diederich asserts, "represent all Hasidic children." (*Id.* at 8 ¶ 22.) Because these plaintiffs are fictitious, they are not real parties in interest, and this action cannot be prosecuted in their names. Fed. R. Civ. P. 17(a); *see also MacAffer ex rel. Mechanicville & Fort Edward R.R. Co. v. Boston & Me. R.R.*, 127 N.E. 328, 329-30 (N.Y. 1935); *Goldberg v. Corcoran*, 549 N.Y.S.2d 503, 506 (App. Div. 2d Dep't 1989) ("'John Doe' does not exist; hence, no valid lawsuit may be brought by 'John Doe.'"). Because he is not a fiduciary of the fictitious Doe Plaintiffs, Plaintiff Diederich is also not empowered to sue in his own name on their behalf. *See* Fed. R. Civ. P. 17(c). Even if these Plaintiffs were real persons, however, Plaintiff Diederich could not represent them when he is a *pro se* plaintiff himself. *Cheung*, 906 F.2d at 61; N.Y. C.P.L.R. § 1201. Indeed, as described *supra*, the Equal Protection Clause claims, (Am. Compl. 69-73,) the Guarantee Clause claim, (*id.* at 74-77,) the right to petition claim, (Am. Compl. 77-78,) the Thirteenth and Fourteenth Amendment claims, (Am. Compl. 78-85,) the educational neglect claim, (Am. Compl. 89,) and the Education Law claims, (Am. Compl. 89-94,) are all levied on behalf of the minor Doe Plaintiffs. Plaintiff Diederich cannot bring these claims on the fictitious minor Doe Plaintiffs' behalf, and these claims should therefore be dismissed.

**POINT V**

**BECAUSE PLAINTIFFS FAILED TO SERVE CITY DEFENDANTS WITH PROCESS, THE COURT LACKS PERSONAL JURISDICTION OVER THE NYCDOE CHANCELLOR AND THE NYC MAYOR.**

**A.     Insufficient Process**

Under New York law, "[a] summons shall specify [(1)] the basis of the venue designated and if based upon the residence of the plaintiff it shall specify the plaintiff's address, and [(2)] also shall bear the index number assigned and [(3)] the date of filing with the clerk of the court." N.Y. C.P.L.R. § 205(a). Furthermore, where a party has been joined without an order

15

of the court or by stipulation "and the joinder is not made upon the new party's motion, a supplemental summons specifying the pleading which the new party must answer shall be filed with the clerk of the court and served upon such party." *Id.* Similarly, under federal law, a summons must include the name of the court and the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, state the time within which the defendant must appear and defend the action, inform the defendant of the potential for default, be signed by the clerk of court, and bear the court's seal. Fed. R. Civ. P. 4(a)(1).

Plaintiff purported to serve the NYCDOE Chancellor with a summons indicating two different venues, the Albany County Supreme Court and the Rockland County Supreme Court. (*See* Declaration of Robin F. Singer [hereinafter Singer Decl.], Mar. 22, 2019, Ex. A, at A2 ("The action will be heard in . . . the County of Albany. The action is brought in the County of Rockland . . . ."); Ex. B, at B1 (same).) In addition, the Summons is dated November 19, 2007, with no indication of whether this date is meant to be the date of filing of the Summons with the clerk of the Albany or Rockland courts or of the date on which the Summons was executed. (*Id.*) In either case, it is clearly not the correct date, leaving the NYCDOE Chancellor unaware of where the case was actually filed and how long it has been pending. Additionally, neither the summonses nor the complaints sent to the NYCDOE Chancellor included the electronic filing header of the Supreme Court of the State of New York, Albany County, depriving the NYCDOE Chancellor of information regarding when the summons was filed with the clerk of court. Plaintiff wholly failed to provide a supplemental summons to the NYC Mayor in this action. (*See* Declaration of David S. Thayer [hereinafter Thayer Decl.], Mar. 22, 2019, at 3-4 ¶¶ 12, 14-15.) This action should therefore be dismissed for insufficient process.

**B.      Insufficient Service of Process**

"In determining the validity of service *prior to* removal to federal court, [courts must] apply the law of the state under which services was made, which here is New York." *Cont'l Indus. Grp., Inc. v. Altunkilic*, 633 F. App'x 61, 62 n.1 (2d Cir. 2016) (citing *Bergman v. De Sieyes*, 170 F.2d 360, 361 (2d Cir. 1948)). New York law provides that service may be effectuated upon a natural person using the mails in two ways: (1) substituted service and (2) personal service by mail. *See* N.Y. C.P.L.R. §§ 308(2), 312-a. Substituted service requires, *inter alia*, personal service of the summons "to a person of suitable age and discretion at the actual place of business" and the mailing of the summons within twenty days of each other. N.Y. C.P.L.R. § 308(2). The mailed summons must be in an enveloped marked "personal and confidential" and must not indicate that it is from an attorney or relates to an action. *Id.* A plaintiff must then file proof of service with the clerk of court within twenty days of the later service event, *.i.e.*, the personal service or mailing. Service becomes complete ten days after the filing of this proof of service. *Id.* By contrast, personal service by mail requires a plaintiff to send the summons and complaint by First-Class Mail, "together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in [N.Y. C.P.L.R. § 312-a(d)], with a return envelope, postage prepaid, addressed to the sender." *Id.* § 312-a(a). Where a party has been joined without an order of the court or by stipulation "and the joinder is not made upon the new party's motion, a supplemental summons specifying the pleading which the new party must answer shall be filed with the clerk of the court and served upon such party." N.Y. C.P.L.R. § 205(a). Service must be effectuated within 120 days of the action's commencement. N.Y. C.P.L.R. § 306-b (Consol. 2019).

On October 5, 2018, the NYCDOE Chancellor received a copy of the Summons and Complaint in this action in the mail, in addition to receiving a partial Affidavit of Service,

with the index number of a different action, which indicated that the affiant had mailed something to the Chancellor via Certified Mail, though what was mailed was not specified. (Singer Decl. Ex. A, at A1.) The NYCDOE Chancellor received another copy of the summons and complaint via the United States Postal Service on November 7, 2018. (Singer Decl. 2 ¶ 7.) This constitutes improper service under either section 308 or section 312-a of the New York Civil Practice Law and Rules, as detailed *supra*. For example, Plaintiffs did not include "two copies of a statement of service by mail and acknowledgement of receipt . . . with a return envelope, postage prepaid, addressed to" Plaintiffs. N.Y. C.P.L.R. § 312-a(a). Likewise, Plaintiffs did not deliver the summons "to a person of suitable age and discretion" at DOE and, within twenty days, mail the summons to the Chancellor.[8] N.Y. C.P.L.R. § 308(2). Plaintiffs also failed to file proof of service pursuant to section 308 with the clerk of court in either Rockland County or Albany County. *Id.* Accordingly, Plaintiff failed to serve the summons and complaint upon the NYCDOE properly. The claims against the NYCDOE Chancellor should accordingly be dismissed for failure of service, and indeed, for failure to serve the summons and complaint upon the NYCDOE Chancellor within 120 days of the filing of the Complaint, which would have been October 6, 2018. N.Y. C.P.L.R. § 306-b.

After amending the Complaint and joining the Mayor, Plaintiff did not and has not served or otherwise delivered the amended complaint and a supplemental summons upon the NYC Mayor or the NYCDOE Chancellor. (*See* Thayer Decl., at 3-4 ¶¶ 12-15.) Instead, Plaintiff Diederich emailed to City Defendants' counsel a copy of the Amended Complaint. (*Id.* at 2 ¶ 10.) This is not valid service. Accordingly, neither the court below nor this Court has secured

---

[8] Because the New York City Law Department is the designated agent of NYCDOE for the purposes of service of process, service could conceivably have been effectuated in this manner at the Law Department. (*See* Singer Decl. 3 ¶ 11.)

personal jurisdiction over either the NYC Mayor or the NYCDOE Chancellor, and the claims against them should be dismissed.

**POINT VI**

**PLAINTIFFS' STATE-LAW CLAIMS FAIL AS
A MATTER OF LAW.**

**A.      Notice-of-Claim Requirement**

When filing New York law claims against a school district official in New York, a plaintiff must generally first serve a notice of claim upon the school district. N.Y. Educ. Law § 3813(2) (Consol. 2019); *see also Faccio v. Eggleston*, 1:10-CV-783 (LEAD), 1:10-CV-699 (MEMBER), 2011 U.S. Dist. LEXIS 936, at *43-44 (N.D.N.Y. Aug. 22, 2011); *In re Quinn v. Wallkill Cent. Sch. Dist. Bd. of Educ.*, 16 N.Y.S.3d 277, 278 (App. Div. 2d Dep't 2015). Similarly, when levying claims against a municipal official in his official capacity or when the municipality "is required to indemnify the individual," a plaintiff must also satisfy a notice of claim requirement. *Costabile v. County of Westchester*, 485 F. Supp. 2d 424, 432 (S.D.N.Y.); *see also* N.Y. Gen. Mun. Law §§50-e(1), 50-i(1) (Consol. 2019); *Grasso v. Schenectady Cty. Pub. Library*, 817 N.Y.S.2d 186, 189-90 (App. Div. 3d Dep't 2006). If a plaintiff does not satisfy these conditions precedent and affirmatively plead compliance, federal courts must dismiss the related state-law claims. *Yennard v. Boces*, 241 F. Supp. 346, 367-68 (N.D.N.Y. 2017). This is because compliance with the notice of claim requirement is a subject matter jurisdictional prerequisite. *See Brooks v. County of Nassau*, 54 F. Supp. 3d 254, 257 (E.D.N.Y. 2014); *cf. Pritchard v. Curtis*, 957 N.Y.S.2d 440, 443-44 (App. Div. 3d Dep't 2012) (citing *Lumbersmen Mut. Cas. Co. v. Port Auth. of N.Y. & N.J.*, 525 N.Y.S.2d 343, 344 (App. Div. 2d Dep't 1988)) (describing notice of claim requirement as a governmental entity's waiver of sovereign immunity subject to a jurisdictional condition precedent). *But see Hardy v. N.Y.C. Health & Hosps. Corp.*,

19

164 F.3d 789, 794 (2d Cir. 1999) (citing *Brown v. Metro. Transp. Auth.*, 717 F. Supp. 257, 259 (S.D.N.Y. 1989)) (describing notice of claim requirement as requiring dismissal for failure to state a claim).

Plaintiffs variously contend that Defendants have a duty to protect the educational rights of children under the New York Education Law, (*see, e.g.*, Am. Compl. 93-94 ¶¶ 394-401,) and that City Defendants' failure to do so constitutes educational neglect, (*see* Am. Compl. 85 ¶ 352.) Such allegations, sounding in tort, must be preceded by the filing of a notice of claim with DOE and with the Office of the Comptroller of the City of New York and must also be pleaded in the Complaint. N.Y. Educ. Law § 3813(2); *see also Faccio*, 2011 U.S. Dist. LEXIS 936, at *43-44. Plaintiffs fail to plead any such facts in their Complaint, and this Court therefore lacks subject matter jurisdiction over Plaintiffs' claims under New York law. *Yennard*, 241 F. Supp. at 367-68. These claims should therefore be dismissed.

**B.    Appeal to the Commissioner**

In New York, "absent an ultra vires act or the failure to perform a required act, a decision about the allocation of scarce resources is a judgment entrusted to school officials and is 'inappropriate for resolution in the judicial arena.'" *In re Ignizio v. City of New York*, 925 N.Y.S.2d 664, 666 (App. Div. 2d Dep't 2011) (citing *In re Bennett v. City Sch. Dist.*, 497 N.Y.S.2d 72, 77-78 (App. Div. 2d Dep't 1985)); *see also James v. Bd. of Educ.*, 366 N.E.2d 1291, 1293 (N.Y. 1977) (holding that pedagogy "is a matter committed to the professional judgment and discretion of those responsible for the administration of the public schools [and] not a matter for the courts"). Indeed, instead of resolution of the judiciary, the New York State Education Department, headed by the Commissioner of Education, hears "appeals or petitions" pertaining to "any . . . official act or decision of any officer, school authorities, or . . . any other act pertaining to common schools." N.Y. Educ. Law § 310(7) (Consol. 2019). Section 310 of the

Education Law therefore ensures that "'all matters pertaining to the general school system of the state [are removed] so far as practicable and possible from controversies in the courts.'" *In re Bd. of Educ. v. Allen*, 160 N.E.2d 60, 64 (N.Y. 1959) (quoting *Bullock v. Cooley*, 122 N.E. 630, 633 (N.Y. 1919)).

To the extent that Plaintiffs seek to contest the lawfulness of the conduct of the NYCDOE Chancellor, Plaintiffs have failed to exhaust their administrative remedies. They have not sought review of the Chancellor's alleged "failure to perform [the] required act" of supervising religious schools before the Commissioner of Education in an appeal pursuant to N.Y. Education Law § 310. *Ignizio*, 925 N.Y.S.2d at 666. In light of the strong public policy emphasis on the regulation of school districts by the Commissioner rather than through judicial proceedings, *see Allen*, 160 N.E.2d at 64, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' claims under the Education Law and thereby encourage Plaintiffs to seek a remedy in the more appropriate forum before the Commissioner.

## CONCLUSION

**WHEREFORE**, the Chancellor of the New York City Department of Education and Bill de Blasio, Mayor of the City of New York, respectfully request that this Court dismiss Plaintiffs' Amended Complaint in its entirety, deny any and all relief sought therein, and grant such other and further relief to NYCDOE Chancellor and the NYC Mayor as the Court deems just and proper.

Dated:      March 22, 2019
            New York, New York

ZACHARY W. CARTER
*Corporation Counsel of the City of New York*
Attorney for the NYCDOE Chancellor and
 the NYC Mayor
100 Church Street, Room 2-305
New York, NY 10007
t: (212) 356-2649
f: (212) 356-8760
e: dthayer@law.nyc.gov


By:      /s/ David S. Thayer
         DAVID S. THAYER
         *Assistant Corporation Counsel*
         Bar Roll No. 700659