UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

MIKE DIEDERICH JR., *et al.*,

                    *Plaintiffs*,

        -against-

LETITIA JAMES, *et al.*,

                    *Defendants*.

----------------------------------------------------------------------- x

**DECLARATION OF ROBIN F. SINGER IN SUPPORT OF THE MOTION TO DISMISS OF THE CHANCELLOR OF THE NYC DEPARTMENT OF EDUCATION AND BILL DE BLASIO, NEW YORK CITY MAYOR**

No. 19 CV 35 (BKS)(CFH)

I, **ROBIN F. SINGER**, pursuant to 28 U.S.C. § 1746, do hereby declare the following:

1.      I am Deputy Counsel in the Office of the General Counsel of the New York City Department of Education ("NYCDOE"), Howard Friedman.

2.      My duties include representing the NYCDOE in litigations pending in Federal and State courts and before administrative agencies, advising NYCDOE officials regarding legal issues, including, but not limited to, school budgets and federal grants, drafting Chancellor's Regulations, and conducting investigations. I am the attorney at the NYCDOE handling this matter, in conjunction with the Office of the Corporation Counsel, otherwise known as the New York City Law Department.

3.      I submit this Declaration in support of the Motion to Dismiss of the Chancellor of the NYCDOE and Bill de Blasio, New York City Mayor, ("City Defendants") in the above-captioned action.

4.      I make this Declaration based on personal knowledge, a review of documents produced in the regular course of business, conversations with others employed by the NYCDOE and by the City of New York, and where stated, upon information and belief.

5.      On October 5, 2018, the NYCDOE received by mail a copy of the Summons, dated November 19, 2007, and the Complaint, dated June 8, 2018, in this action. Included with these documents was an Affidavit of Service that appeared incomplete and that listed an Index Number differing from the Index Number on the Summons and Complaint. I have attached a true and accurate copy of these documents hereto as Exhibit A.

6.      Employees of the NYCDOE informed the New York City Law Department of the NYCDOE's receipt of these documents.

7.      On November 7, 2018, the Office of the NYCDOE Chancellor received another copy of the same Summons and Complaint, but without a purported affidavit of service. These documents were addressed to the NYCDOE Chancellor at the headquarters of the NYCDOE in the Tweed Courthouse at 52 Chambers Street, New York, New York, 10007. I have attached a true and accurate copy of these documents hereto as Exhibit B.

8.      Employees of the NYCDOE again informed the New York City Law Department of the receipt of these documents.

9.      In later conversations with employees of the New York City Law Department, I learned that Plaintiffs filed an Amended Complaint on December 11, 2018. To my knowledge, the NYCDOE did not receive the Amended Complaint or a summons of any kind from Plaintiffs after December 11, 2018. An attorney at the New York City Law Department emailed a copy of the Amended Complaint to me on December 11, 2018.

10.     Additionally, NYCDOE has designated the New York City Law Department as its agent for service of process. An attorney at the New York City Law Department informed me that the Complaint, the Summons, the Amended Complaint, and any amended

summonses in this action were also not served on the NYCDOE at the New York City Law Department.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:        March 22, 2019
              New York, New York

                                        _____
                                        ROBIN F. SINGER
                                        *Deputy Counsel*

# Exhibit

# A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

-----------------------------------------------------------

MIKE DIEDERICH JR., individually and
on behalf of all citizens of the
State of New York, JOSHUA DOE and
JANNA DOE,

                          Plaintiffs,

      -against-

SEAN PATRICK MALONEY, BARBARA UNDERWOOD,
N.Y.S. ATTORNEY GENERAL,
CHANCELLOR OF THE NYC DEPARTMENT OF
EDUCATION, SUPERINTENDENT OF SCHOOLS OF
THE EAST RAMAPO CENTRAL SCHOOL DISTRICT,
AND SUPERINTENDENT OF THE KIRYAS JOEL
VILLAGE SCHOOL DISTRICT,

                       Defendants.

-----------------------------------------------------------

NYC DEPARTMENT OF EDUCATION

2018 OCT -5  AM II: 10

LEGAL SERVICES

**AFFIDAVIT OF SERVICE**

301-324/2008

STATE OF NEW YORK

COUNTY OF ROCKLAND    SS :

    Kathryn Schleicher, being duly sworn, deposes and says as follows:

1. That I am not a party to this action.

2. I mailed, certified mail, postage prepaid, with an envelope with no indication that this is from an attorney and bearing the legend "PERSONAL and CONFIDENTIAL", addressed as follows:

           N.Y.S. Attorney General Barbara Underwood
           The Capitol
           Albany, NY  12224-0341

           Chancellor of the NYC Department of Education
           Tweed Courthouse
           52 Chambers Street
           New York, NY 10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY
-----------------------------------------------------------

MIKE DIEDERICH JR., individually and
on behalf of all citizens of the
State of New York, and JOSHUA and JANNA DOE,
                                    Plaintiffs,

                                                          Plaintiff designates Rockland
                                                          County as place of trial.
                                                          Venue based upon plaintiff's
                                                          residence: *Rockland County, NY*

          against                                         **SUMMONS**

SEAN PATRICK MALONEY, BARBARA UNDERWOOD,
N.Y.S. ATTORNEY GENERAL,                                  Index # 903772-18
THE CHANCELLOR OF THE NYC DEPARTMENT OF
EDUCATION, THE SUPERINTENDENT OF SCHOOLS OF
THE EAST RAMAPO CENTRAL SCHOOL DISTRICT,
AND THE SUPERINTENDENT OF THE KIRYAS JOEL
VILLAGE SCHOOL DISTRICT,
                                    Defendants,
-----------------------------------------------------------

*To the above named defendants:*
          **YOU ARE HEREBY SUMMONED** and required to serve upon
plaintiffs' attorney an answer to this complaint in this action within twenty days after
service of this summons, exclusive of the day of service, or within thirty days after
service is complete if this summons is not personally delivered to you within the State of
New York. In case of your failure to answer, judgment will be taken against you by
default for the relief demanded in the complaint.

          The action will be heard in the Supreme Court of the State of New York in and
for the County of Albany. The action is brought in the County of Rockland based upon
plaintiffs' residence.

Dated: Stony Point, New York
          November 19, 2007

                                        /S/
                                        MIKE DIEDERICH, JR.
                                        *Plaintiff, Pro Se*
                                        Attorney at Law
                                        Diederich Law Office
                                        361 Route 210
                                        Stony Point, NY 10980
                                        (845) 942-0795

LEGAL SERVICE

2018 OCT - 5 AM 11:13

NYC DEPARTMENT OF EDUCATION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY
------------------------------------------------------------

MIKE DIEDERICH JR., individually and
on behalf of all citizens of the
State of New York, and JOSHUA and JANNA DOE,
                              Plaintiffs,

                                                Plaintiff designates Rockland
                                                County as place of trial.
                                                Venue based upon plaintiff's
                                                residence: *Rockland County, NY*

        against                                 **SUMMONS**

SEAN PATRICK MALONEY, BARBARA UNDERWOOD,
N.Y.S. ATTORNEY GENERAL,                         Index # 903772-18
THE CHANCELLOR OF THE NYC DEPARTMENT OF
EDUCATION, THE SUPERINTENDENT OF SCHOOLS OF
THE EAST RAMAPO CENTRAL SCHOOL DISTRICT,
AND THE SUPERINTENDENT OF THE KIRYAS JOEL
VILLAGE SCHOOL DISTRICT,
                              Defendants,
------------------------------------------------------------

*To the above named defendants:*
        ***YOU ARE HEREBY SUMMONED*** and required to serve upon
plaintiffs' attorney an answer to this complaint in this action within twenty days after
service of this summons, exclusive of the day of service, or within thirty days after
service is complete if this summons is not personally delivered to you within the State of
New York. In case of your failure to answer, judgment will be taken against you by
default for the relief demanded in the complaint.

        The action will be heard in the Supreme Court of the State of New York in and
for the County of Albany. The action is brought in the County of Rockland based upon
plaintiffs' residence.

Dated: Stony Point, New York
        November 19, 2007

                                        /S/
                                        MIKE DIEDERICH, JR.
                                        *Plaintiff, Pro Se*
                                        Attorney at Law
                                        Diederich Law Office
                                        361 Route 210
                                        Stony Point, NY 10980
                                        (845) 942-0795

A000003

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY
-----------------------------------------------------------

MIKE DIEDERICH JR., individually and
on behalf of all citizens of the
State of New York, and JOSHUA and JANNA DOE,

                   Plaintiffs,

      against

SEAN PATRICK MALONEY, BARBARA UNDERWOOD,
N.Y.S. ATTORNEY GENERAL,
THE CHANCELLOR OF THE NYC DEPARTMENT OF
EDUCATION, THE SUPERINTENDENT OF SCHOOLS OF
THE EAST RAMAPO CENTRAL SCHOOL DISTRICT,
AND THE SUPERINTENDENT OF THE KIRYAS JOEL
VILLAGE SCHOOL DISTRICT,

                   Defendants.
-----------------------------------------------------------

**CITIZEN**

**COMPLAINT**

**Index # 903772-18**

       Plaintiff Mike Diederich, Jr., as a citizen and candidate for the Office of N.Y.S.

Attorney General of the State of New York, on behalf of himself and all New York State

citizens potentially denied political and legal representation, and children being denied a

sound secular education in yeshivas, complains of the Defendants as follows:

### INTRODUCTORY STATEMENT

*This is an action for injunctive and declaratory relief.*

*First, it seeks to prohibit Congressman Sean Patrick Maloney from simultaneously running for two offices (Congress and the N.Y.S. AG), and requests that Attorney General Underwood join this lawsuit as a plaintiff, because Maloney's running for two offices is unlawful and deprives his constituents of an elective representative.*

*Second, this lawsuit is against AG Underwood, in her official capacity, for the AG Office's continuing failure to advocate for the educational rights to sound secular education of the children of Ultra-Orthodox (Hassidic) parents—rights to which all New Yorkers are entitled.*

*Third, this lawsuit demands that the head of three public school systems take action to protect the educational rights of Ultra-Orthodox children in Brooklyn, and in Rockland and Orange counties.*

*Finally, this lawsuit asks that AG Underwood take action to help preserve our democracy, including expressing a willingness to sue or prosecute even the President of the United States if he is found to have committed serious civil or criminal wrongdoing.*

## COMPLAINT TABLE OF CONTENTS

Introductory Statement.................................................................................................. 1

Table of Contents........................................................................................................... 2

Parties............................................................................................................................. 3

    A.   Background ........................................................................................... 4

    B.   Hassidic children's constitutional right to an adequate education ...................... 6

    C.   Democracy needs education on human behavior and civics.............................. 7

    D.   Donald Trump's potential "Presidency gone Rogue"...................................... 7

    E.   Issues the Attorney General should address, for the People ............................. 9

    a. "Justice delayed is Justice denied (by State agencies and courts); ..................... 9

    b. The "Religious Block Vote" damages democracy; .......................................... 9

    c. "Ministerial immunity"—destroys the civil right and religious freedom of individuals.............................................................................................................. 9

    d. Injustice in Family Court and in Domestic Relations matters; ............................. 9

    e. Injustice towards individuals in Federal Courts—the AG can "guilt" those courts into doing better; ..................................................................................................... 9

    f. The AG's Office can spearhead the fight against the Opioid Epidemic;................ 9

    g. Immigration Enforcement and Dreamers—The AG can ensure that N.Y.S. keeps its sovereignty and its values of fairness; ................................................................. 9

    h. Puerto Rican debt litigation in the New York federal courts—the AG should be involved to protect New Yorkers' families and relatives; ........................................... 9

    i. LGBT Rights and Gay Marriage—the AG must take the lead in ensuring the rights of personhood; ......................................................................................................... 9

    j. Abortion & choice-- the AG must protect women's rights, and oppose non-majoritarian, Evangelical views of human rights; ...................................................... 9

    k. Gun control—allowing concealed arms for everyone in our cities is insanity, and NRA disinformation must be exposed; ...................................................................... 9

    l. Private lawyers should be encouraged to represent the disadvantaged, and the victims of injustice; ................................................................................................... 9

    m.   The AG should advocate for the People's constitutional "right to petition" in all its forms; .................................................................................................................. 9

    n. More jury trials are needed, by more courts; .................................................... 9

    o. Worker's collective bargaining rights—workers must be allowed Unions who can protect them against Corporate America; ................................................................. 9

2

p. Protecting employees in the workplace against unlawful discrimination or harassment (sexual or "bullying"), and ................................................................ 10

q. Protecting the Environment against loss of biodiversity and global warming. ..... 10

F. Representative Maloney should remain in Congress—to fight for democracy..... 10

FIRST CAUSE OF ACTION - request for declaration that the Defendant Attorney General must take Precautionary Action to Protect our democracy and the rule of law against a potentially rogue U.S. president, e.g., Donald Trump................................ 10

SECOND CAUSE OF ACTION - request for a declaration and Affirmative Injunction that the  Attorney General Underwood take appropriate measures to protect the Educational rights of the children of ultra-orthodox (Hassidic) parents . 13

THIRD CAUSE OF ACTION - request for declaratory and Injunctive relief that the Public school system Defendants protect the educational rights of the children of hassidic parents  in kings, rockland and orange counties ......................................... 15

FOURTH CAUSE OF ACTION - Request for Declaratory and Injunctive Relief that Representative Maloney cannot simultaneously Run for Two political Offices, as this is illegal and deprives New York voters of representation....................................... 16

CONCLUSION........................................................................................................ 17

## PARTIES

1.     Plaintiff Michael "Mike" Diederich, Jr. is a resident and taxpayer of the Town of Stony Point, County of Rockland, State of New York, and is presently seeking the office of the Attorney General of the State of New York.

2.     Plaintiff's Joshua Doe and Janna Doe, are fictitious names of children of Ultra-Orthodox (Hassidic) parents receiving a deficient secular education because of their parents' and their religious community's insularity.

3.     Defendant Barbara Underwood is the esteemed former Solicitor General and recently appointed Attorney General of the State of New York.

4.     Defendant Sean Patrick Maloney is a resident of the State and the incumbent and very competent U.S. Representative for New York's 18th congressional district.

3

5.    The Defendant Superintendents and Chancellor of the above-captioned public school districts, upon information and belief, are each heads a public school district wherein are located private schools run by ultra-Orthodox (Hassidic) sects.

**A. Background**

6.    Plaintiff Diederich is a citizen, taxpayer and resident who pays taxes to various taxing authorities in the State of New York, including income tax to the State of New York.

7.    Plaintiff is also a public citizen, a lawyer, and a retired "citizen soldier," with 29 years of service in the U.S. Army Reserve, including active duty tours of duty in Germany (1984-87) during the Cold War, to Iraq (2014-05) and to Afghanistan (2012, Bronze Star medal), retiring in the rank of lieutenant colonel.

8.    As a citizen of the State of New York and as a citizen and patriot of the United States of America, Plaintiff has grave concerns that our democracy is threatened by an American citizenry that is not sufficiently involved in public affairs, and where the citizens are not adequately represented by their elected officials.

9.    Plaintiff also has grave concerns that our democracy is threatened by an American society that is increasingly deficient in the education needed for our democracy to survive.

10.    Specifically, upon information and belief, to the same degree that citizens are not adequately educated in secular fields of study of history, science and civics, they are less able to understand the needs of democracy as formulated by the United States' and New York State's Founding Fathers.

11.    This lawsuit asserts that in several different respects, the State Attorney General's Office is not sufficiently protecting our democracy, because New York State

4

A000007

and its political subdivisions are permitting an inadequately educated citizenry, and for

political purposes are creating an ill-informed citizenry, resulting in State action such as:

a.  Deeming money to be speech for State (and federal) constitutional

purposes, thereby depriving the voters of middle class or less wealth of

access to elected representatives, and thus depriving them of their federal

and state constitutional right to petition government;

b.  The Gerrymandering of political districts to ensure the politicians' re-

election;

c.  Allowing corporate profit to trump the health and safety of New York's

public, as most recently reflected by the opioid epidemic, but also in the

destructive (and racially biased) criminal justice system of mass

incarceration;

d.  Failing to argue against "ministerial immunity" for lay teachers and

principals of Roman Catholic parochial schools, and thereby silently

endorsing a Second Circuit Court of Appeals interpretation of the *Hosanna-*

*Tabor* Supreme Court case that will endanger the civil rights of all

employees of Church-affiliated entities;

e.  Failing to argue for the interests of middle class and lower wage employees,

and union workers, who have been wrongfully terminated from

employment, yet denied a jury trial by federal court judges who seem

uninterested in or hostile to the idea of protecting the rights of individuals;

f.  Failing to protect the interests of small business trying to operate their

businesses in the State of New York, yet oppressed by the unreasonable

5

actions of governmental bureaucrats, where the Attorney General's
subordinate staff could correct the abuse, and protect the small business
owner and its employees;

g. Failing to sufficient protect the natural environment and human health; and

h. Failing to protect the <u>educational rights of Hassidic children</u>, thereby
depriving them of the constitutional right of (and the body politic's need
for) an educated, informed citizenry;

and that it is the job of the Attorney General to take appropriate legal action in state and
federal courts, including the U.S. Supreme Court, to rectify the above problems.

12. The candidates for the office of Attorney General should address the above
issues in their respective campaigns.

13. Plaintiff will discuss the subject of the adequate education of children first.

**B. Hassidic children's constitutional right to an adequate education**

14. Taken to the extreme, Plaintiff believes that if an insular community (religious
or otherwise) prevents its members' children from receiving an adequate secular
education (an education in the 3 R's,[1] science, history and civics), the children will find
it impossible to become informed, contributing citizens of the larger body politic. The
children will also, for example, be unable to academically qualify for military service.

15. Under the Education Law of the State of New York, the superintendent of
schools of the public school system in which a private school (including "religious"
school) is located is required to enforce the New York State requirement that the children
of all private schools (including religious) receive a substantially equivalent education as
do public school students.

---

[1] Reading, writing and arithmetic.

6

16.  Upon information and belief, one or more Hassidic yeshivas in each of the above-referenced school districts fail to provide elementary and high school aged children with an education in secular subjects that is substantially equivalent to the education provided in the public schools within the school district.

### C. Democracy needs education on human behavior and civics

17.  Upon information and belief, a sound secular education is needed in today's world in order for the citizenry to maintain a viable democracy under the rule of law. This requires the teaching of history, the social sciences, the biological sciences as relevant to human behavior, and perhaps most importantly, principles of government and civics.

18.  One consequence of the failure of schools in our state and our nation to teach the above-referenced topics is that citizens fall prey to emotional appeals over reason; become tribal in their interactions with other people (their "in-group" versus their perceived opponents' "out-group"); become overly opinionated; and succumb to divisive approaches go politics, with hatred of others the consequence. Civility in political discourse becomes impossible.

### D. Donald Trump's potential "Presidency gone Rogue"

19.  One result of the lack of education about human nature and civics is the inability of politicians at the national level to compromise with the other side for the good of the American people. Politics becomes blood sport. Special interest and corporate money is the addictive drug. Re-election and the accoutrements of power (including the financial rewards after leaving office) are the drug's euphoria.

20.  Plaintiff Diederich believes the situation in New York, with our educated citizenry and ethnic, religious and cultural diversity, is much better than in the nation.

7

A000010

Nevertheless, unless political leaders such as the state Attorney Generals in New York and neighboring states take action to fix our democracy, our politics will become a "race to the bottom."

21.   One of "our own," New Yorker Donald Trump, is an example of the type of individual who can lead our Country into the abyss.   Hopefully he will not.  But Plaintiff believes that President Trumps actions and words, and those of his attorneys, are views which, if accepted, threaten our democracy and the Republic.

22.   For example, former Mayor Rudolf Guliani's statement, as President Trump's lawyer, that President Trump could have "shot" FBI Director Comey and yet been immune from prosecution is to view the President as a monarch, not an elected representative of the people.  Mr. Trump is not above the law.  His oath of office is to uphold the law, including the Constitution.

23.   If a president can shoot people and not be subject to prosecution, then he can also orchestrate a purge, like Hitler or Stalin, and not be subject to prosecution.  This is not the form of government that the Founding Fathers envisioned or fought for.   This is a form of government that citizens must resist.

24.   The N.Y.S. Attorney General, as top lawyer in the state, must undertake all reasonable means to ensure that New York is protected against a monarchial federal government, and a rogue President.  Hopefully the rogue president will not be Donald Trump, but if President Trumps' views of power are left unchallenged, one day in the future the rogue president will arise, and Attorneys General and States must be prepared to defend the Republic and democracy under the rule of law.

25.   New York's Attorney General must lead the way.

8

### E. Issues the Attorney General should address, for the People

26.   The failure to soundly educate the public in topics which are needed in order to have a rational, civil debate for the welfare of the majority of citizens, respecting the rights of the minority, include vital issues of the day, many of which are important for the long-term survival of our democracy.

27.   Plaintiff suggests that Attorney General Underwood and the other AG candidates consider the following as a partial list of necessary legal advocacy and problems that the AG could assist in solving:

a.   "Justice delayed is Justice denied (by State agencies and courts);

b.   The "Religious Block Vote" damages democracy;

c.   "Ministerial immunity"—destroys the civil right and religious freedom of individuals

d.   Injustice in Family Court and in Domestic Relations matters;

e.   Injustice towards individuals in Federal Courts—the AG can "guilt" those courts into doing better;

f.   The AG's Office can spearhead the fight against the Opioid Epidemic;

g.   Immigration Enforcement and Dreamers—The AG can ensure that N.Y.S. keeps its sovereignty and its values of fairness;

h.   Puerto Rican debt litigation in the New York federal courts—the AG should be involved to protect New Yorkers' families and relatives;

i.   LGBT Rights and Gay Marriage—the AG must take the lead in ensuring the rights of personhood;

j.   Abortion & choice-- the AG must protect women's rights, and oppose non-majoritarian, Evangelical views of human rights;

k.   Gun control—allowing concealed arms for everyone in our cities is insanity, and NRA disinformation must be exposed;

l.   Private lawyers should be encouraged to represent the disadvantaged, and the victims of injustice;

m.  The AG should advocate for the People's constitutional "right to petition" in all its forms;

n.   More jury trials are needed, by more courts;

o.   Worker's collective bargaining rights—workers must be allowed Unions who can protect them against Corporate America;

9

p.  Protecting employees in the workplace against unlawful discrimination or harassment (sexual or "bullying"), and

q.  Protecting the Environment against loss of biodiversity and global warming.

28.  The AG candidates are requested to state their views as to the above matters, whether or not they choose to intervene in this lawsuit (and they are invited to intervene—if they know how, as none is a practicing lawyer).

### F.  Representative Maloney should remain in Congress—to fight for democracy

29.  If Defendant Maloney runs for both his congressional seat, and also for Attorney General, he will hurt the constituency that has supported him.  For example, if he wins the AG primary, he will deprive his congressional district of its voters desired representative—him!

30.  On this subject, AG Underwood can serve as a "neutral."  Plaintiff requests that she join him in opposing Congressman Maloney's bid for two separate elective offices.

31.  Attorney General Underwood should take over this litigation as to Congressman Maloney.

### FIRST CAUSE OF ACTION - REQUEST FOR DECLARATION THAT THE DEFENDANT ATTORNEY GENERAL MUST TAKE PRECAUTIONARY ACTION TO PROTECT OUR DEMOCRACY AND THE RULE OF LAW AGAINST A POTENTIALLY ROGUE U.S. PRESIDENT, E.G., DONALD TRUMP

32.  Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

33.  What if, hypothetically, President Trump were found to have committed high crimes, or even treason, warranting criminal prosecution?  Or if hypothetically he were to shoot the current FBI Director or Mr. Mueller, or Senator McCain and other Republicans

10

standing up for the rule of law (or who otherwise might vote to convict the President upon impeachment)? Such would be the action of a rogue president, and also a form of purge that has been common in human history—the strong man overcoming political opponents through force. This is nothing in our country that prevents this type of tyrannical power grab except our values (developed through education in civics, our history and our culture) and the rule of law.

34.   The N.Y.S. Attorney General, and other states' attorneys general, must take precautionary action to prevent the destruction of the rule of law, and the possible destruction of our democracy by a future autocrat.

35.   The Attorney General can certainly set an example, by acting in a clearly apolitical fashion in enforcing the law without consideration of politics. The Attorney General can lead by example regarding bi-partisanship, and reducing conflict between political factions; and striving for cooperation in pursuit of the public welfare.

36.   But prudence dictates, in this Age of Trump, that the Attorney General also take precautionary action to protect our democracy.

37.   One such action is to enforce school educational requirements, so that when school children become adults, they are also educated and informed citizens that can recognized a demagogue when one appears, and oppose authoritarianism.

38.   But the Attorney General must also take steps to safeguard the state and nation in  the event of that a rogue president attempts to destroy representative democracy under the rule of law.

A000014

The N.Y.S. Attorney General can criminally prosecute a U.S. President under state law

39.  For example, if sound evidence were uncovered showing that President Trump committed serious felonies in New York State, then the Attorney General should indict and prosecute him if within the AG's jurisdiction.

40.  The President has no power to pardon himself against a state court prosecution.

Other options must be explored, for example, a military court martial against the "Commander in Chief"

41.  The N.Y.S. Attorney General, preferably in cooperation with other Attorney Generals throughout the Nation, should develop other legal strategies to protect our federal Republic and our democracy if a rogue President were to arise.

42.  As another example of a possible legal remedy to a rogue president, a sound argument might be made that as "Commander in Chief" and thus top officer of the U.S. armed forces (U.S. CONSTIT., Art. II, §. 2, Cl. 1), that he is also subject to the Uniform Code of Military Justice ("UCMJ"). Thus, if the President were to commit a crime punishable under the UCMJ (for example, Aiding the Enemy, 10 U.S.C. § 904, of destroying government property, § 909, or malingering, § 915, or murder, § 118, rape or carnal knowledge, § 120, to name a few military crimes), any service member could prefer UCMJ charges against him and a convening authority would decide whether a court martial trial should be held.

43.  Since the President swore an oath to abide by the law, he should recuse himself from influencing or supervising the military court martial tribunal, and for the same reason should be precluded from pardoning himself (his Art. II, § 2 power).

A000015

44.   The N.Y.S. Attorney General could effectively argue the applicability of the UCMJ to the president if the circumstances warranted.  For example, the AG could support a New York resident on active military duty or a federalized National Guard soldier in filing UCMJ charges against the president, and supporting a panel of senior military generals in trying the case.

45.   The AG could persuasively argue to the U.S. Supreme Court that allowing a UCMJ proceeding would uphold the Rule of Law.

46.   If the President were convicted, the U.S. Vice-President would uphold or reverse the conviction, and if upheld, the Vice-President would then take office.  There would be no military coup.  Our democracy and rule of law would remain intact.

47.   Because our democracy under the rule of law is at risk if the N.Y.S. Attorney General does not exercise his or her powers to safeguard against a rogue president, this Court must enjoin and direct the Attorney General to examine whether credible risks to our democracy under the rule of law exist under President Donald Trump, and if so, to take appropriate precautionary measures or, if sufficient evidence exists, to file a lawsuit to remedy non-criminal wrongdoing or to prosecute a criminal indictment in state court if credible evidence of serious crime is found to exist.

**SECOND CAUSE OF ACTION -**
**REQUEST FOR A DECLARATION AND AFFIRMATIVE INJUNCTION THAT**
**THE ATTORNEY GENERAL UNDERWOOD TAKE APPROPRIATE**
**MEASURES TO PROTECT THE EDUCATIONAL RIGHTS OF THE**
**CHILDREN OF ULTRA-ORTHODOX (HASSIDIC) PARENTS**

48.   Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

13

49.    The N.Y.S. Education Law requires that private schools in the state, including "religious" schools, provide a secular education "substantially equivalent" to the instruction received in the public schools of the geographical area.

50.    Upon information and belief, in some, or perhaps many, yeshivas run by Ultra-Orthodox (Hassidic) sects, the children of these sects' members do not receive a sound secular education, nor an education even approaching what is given in the public schools and that is necessary to be educated and informed members of the larger community.

51.    Plaintiff requests the Court to direct Attorney General Underwood to take all appropriate and necessary action to compel local superintendent of school, and the private schools (yeshivas) to provide the children with a sound secular education, and one sufficient to educationally qualify the students, by age 18, to serve in the U.S. military if called upon to do so in time of national crisis.  This is a civil obligation that should apply to all citizens, regardless of their religion[2] or cultural identity.

52.    The children, and the larger body politic, are injured when children do not grow to be educated, informed citizens.

53.    If necessary, the Court can permissibly view some or all of the relief requested in this complaint as a petition under CPLR Article 78.

54.    Plaintiffs request this declaratory and injunctive relief.

_____

[2] As to *bona fide* conscientious objectors, the 18 year old should be qualified for alternative civic duties in a national crisis, for example, serving as medical personnel.

14

A000017

### THIRD CAUSE OF ACTION -
### REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF THAT THE
### PUBLIC SCHOOL SYSTEM DEFENDANTS PROTECT THE EDUCATIONAL
### RIGHTS OF THE CHILDREN OF HASSIDIC PARENTS
### IN KINGS, ROCKLAND AND ORANGE COUNTIES

55. Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

56. The Defendant N.Y.S. Schools Chancellor, and two other Defendant Superintendent of Schools, have a legal duty under the N.Y.S. Education Law and N.Y.S. Constitution to protect children's educational needs, and to guarantee them a sound secular education, substantially equivalent to that given in the public schools, so that these children can be educated, productive citizens upon reaching the age of majority.

57. Upon information and belief, the Defendant school heads are failing in this duty.

58. Plaintiff requests that the Court direct the Defendant school heads to take appropriate action to protect the educational rights of Hassidic children.

59. Plaintiff requests that this Court allow one or more real children to be substituted for the fictitious "Doe" plaintiffs named in the caption, of any parents brave enough to stand up against their insular religious sect in support of better secular education.

60. Plaintiffs requests that the Court grant this declaratory and injunctive relief.

A000018

**FOURTH CAUSE OF ACTION -**
**REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF THAT**
**REPRESENTATIVE MALONEY CANNOT SIMULTANEOUSLY RUN FOR**
**TWO POLITICAL OFFICES, AS THIS IS ILLEGAL AND DEPRIVES NEW**
**YORK VOTERS OF REPRESENTATION**

61.   Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

62.   It will deny New York citizens their right to a representative, if Congressman Maloney seeks two different elective offices.

63.   Most obvious is that if Mr. Maloney were to be elected to both offices, he could not serve in both offices. He would need to choose, thereby abandoning the voters of the office he vacated.

64.   The citizens who voted for him for Congress would, for example, immediately find that their vote was wasted if he were to resign that office to become N.Y.S. Attorney General.

65.   There would be insufficient time to find an adequate, electable congressional candidate as a replacement. In view of our national politics, the loss of a Democratic seat in Congress is (in Plaintiff's view) not what the voters want.

66.   Upon information and belief, federal and state election laws prevent Congressman Maloney from seeking two offices simultaneously.

67.   Attorney General Underwood and her staff are legal experts in this field. And she is an apolitical, career civil servant. Thus, as a "neutral," she should closely examine this issue and, if she finds that the law is on Plaintiff's side, take the side of Plaintiff in this lawsuit.

16

68. Wherefore, Plaintiff requests appropriate declaratory and injunctive relief against Congressman Maloney if it finds that he is violating federal or state election law by running for two different elective offices.

## CONCLUSION

WHEREFORE, Plaintiff Diederich requests that the Court grant declaratory and injunctive relief:

a. Taking appropriate action to defend our democracy under the rule of law, including, if necessary suing or prosecuting the President of the United State if sufficient credible evidence for such action exists or is uncovered;

b. Compelling AG Underwood to take action to protect the educational rights of Hasidic children;

c. Compelling the Defendant public school heads to likewise take action to protect the educational rights of Hasidic children; and

d. Prohibiting Congressman Maloney from running for two office simultaneously (Congress and N.Y.S. Attorney General);

e. allowing AG Underwood to substitute into this action as a Plaintiff if she sees that the law and facts favor Plaintiffs,

f. deeming this complaint to be a hybrid action/Article 78 proceeding if necessary, and

g. granting such other and further relief as this Court deems just and equitable.

Dated: Stony Point, New York
June 8, 2018

/S/
MIKE DIEDERICH, JR.
*Plaintiff, Pro Se*
Diederich Law Office
361 Route 210
Stony Point NY 10980
(845) 942-0795
Miked4AG@gmail.com or Mike@DiederichLaw.com

17

# Exhibit

# B

245 0631

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

RECEIVED

2018 NOV -7 P 12: 51

OFFICE OF THE CHANCELLOR

------------------------------------------------------------------

MIKE DIEDERICH JR., individually and
on behalf of all citizens of the
State of New York, and JOSHUA and JANNA DOE,
                              Plaintiffs,

Plaintiff designates Rockland
County as place of trial.
Venue based upon plaintiff's
residence: *Rockland County, NY*

                against                           **SUMMONS**

SEAN PATRICK MALONEY, BARBARA UNDERWOOD,
N.Y.S. ATTORNEY GENERAL,                          Index # 903772-18
THE CHANCELLOR OF THE NYC DEPARTMENT OF
EDUCATION, THE SUPERINTENDENT OF SCHOOLS OF
THE EAST RAMAPO CENTRAL SCHOOL DISTRICT,
AND THE SUPERINTENDENT OF THE KIRYAS JOEL
VILLAGE SCHOOL DISTRICT,
                              Defendants,

------------------------------------------------------------------

*To the above named defendants:*
    ***YOU ARE HEREBY SUMMONED*** and required to serve upon
plaintiffs' attorney an answer to this complaint in this action within twenty days after
service of this summons, exclusive of the day of service, or within thirty days after
service is complete if this summons is not personally delivered to you within the State of
New York. In case of your failure to answer, judgment will be taken against you by
default for the relief demanded in the complaint.

    The action will be heard in the Supreme Court of the State of New York in and
for the County of Albany. The action is brought in the County of Rockland based upon
plaintiffs' residence.

Dated: Stony Point, New York
        November 19, 2007

                                        _____/S/_____
                                        MIKE DIEDERICH, JR.
                                        *Plaintiff, Pro Se*
                                        Attorney at Law
                                        Diederich Law Office
                                        361 Route 210
                                        Stony Point, NY 10980
                                        (845) 942-0795

B000001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY
-------------------------------------------------------------

MIKE DIEDERICH JR., individually and
on behalf of all citizens of the
State of New York, and JOSHUA and JANNA DOE,

                         Plaintiffs,

         against

SEAN PATRICK MALONEY, BARBARA UNDERWOOD,
N.Y.S. ATTORNEY GENERAL,
THE CHANCELLOR OF THE NYC DEPARTMENT OF
EDUCATION, THE SUPERINTENDENT OF SCHOOLS OF
THE EAST RAMAPO CENTRAL SCHOOL DISTRICT,
AND THE SUPERINTENDENT OF THE KIRYAS JOEL
VILLAGE SCHOOL DISTRICT,

                        Defendants.
-------------------------------------------------------------

**CITIZEN**

**COMPLAINT**

**Index # 903772-18**

     Plaintiff Mike Diederich, Jr., as a citizen and candidate for the Office of N.Y.S.

Attorney General of the State of New York, on behalf of himself and all New York State

citizens potentially denied political and legal representation, and children being denied a

sound secular education in yeshivas, complains of the Defendants as follows:

### INTRODUCTORY STATEMENT

*This is an action for injunctive and declaratory relief.*

*First, it seeks to prohibit Congressman Sean Patrick Maloney from
simultaneously running for two offices (Congress and the N.Y.S. AG), and
requests that Attorney General Underwood join this lawsuit as a plaintiff, because
Maloney's running for two offices is unlawful and deprives his constituents of an
elective representative.*

*Second, this lawsuit is against AG Underwood, in her official capacity, for the AG
Office's continuing failure to advocate for the educational rights to sound secular
education of the children of Ultra-Orthodox (Hassidic) parents—rights to which
all New Yorkers are entitled.*

B000002

*Third, this lawsuit demands that the head of three public school systems take action to protect the educational rights of Ultra-Orthodox children in Brooklyn, and in Rockland and Orange counties.*

*Finally, this lawsuit asks that AG Underwood take action to help preserve our democracy, including expressing a willingness to sue or prosecute even the President of the United States if he is found to have committed serious civil or criminal wrongdoing.*

## COMPLAINT TABLE OF CONTENTS

Introductory Statement..................................................................................................... 1

Table of Contents............................................................................................................. 2

Parties.............................................................................................................................. 3

    A.    Background ......................................................................................... 4

    B.    Hassidic children's constitutional right to an adequate education ...................... 6

    C.    Democracy needs education on human behavior and civics............................... 7

    D.    Donald Trump's potential "Presidency gone Rogue" ........................................ 7

    E.    Issues the Attorney General should address, for the People ............................. 9

    a. "Justice delayed is Justice denied (by State agencies and courts); .......................... 9

    b. The "Religious Block Vote" damages democracy; .................................................. 9

    c. "Ministerial immunity"—destroys the civil right and religious freedom of individuals........................................................................................................................ 9

    d. Injustice in Family Court and in Domestic Relations matters; ............................... 9

    e. Injustice towards individuals in Federal Courts—the AG can "guilt" those courts into doing better;........................................................................................................... 9

    f. The AG's Office can spearhead the fight against the Opioid Epidemic;.................. 9

    g. Immigration Enforcement and Dreamers   The AG can ensure that N.Y.S. keeps its sovereignty and its values of fairness; ........................................................................ 9

    h. Puerto Rican debt litigation in the New York federal courts—the AG should be involved to protect New Yorkers' families and relatives; ............................................. 9

    i. LGBT Rights and Gay Marriage—the AG must take the lead in ensuring the rights of personhood; .............................................................................................................. 9

    j. Abortion & choice-- the AG must protect women's rights, and oppose non-majoritarian, Evangelical views of human rights; ........................................................ 9

    k. Gun control—allowing concealed arms for everyone in our cities is insanity, and NRA disinformation must be exposed;........................................................................... 9

    l. Private lawyers should be encouraged to represent the disadvantaged, and the victims of injustice;....................................................................................................... 9

    m.   The AG should advocate for the People's constitutional "right to petition" in all its forms; ...................................................................................................................... 9

    n. More jury trials are needed, by more courts; .......................................................... 9

    o. Worker's collective bargaining rights—workers must be allowed Unions who can protect them against Corporate America; ...................................................................... 9

B000003

p. Protecting employees in the workplace against unlawful discrimination or harassment (sexual or "bullying"), and ................................................................. 10

q. Protecting the Environment against loss of biodiversity and global warming. ..... 10

F. Representative Maloney should remain in Congress—to fight for democracy ..... 10

FIRST CAUSE OF ACTION - request for declaration that the Defendant Attorney General must take Precautionary Action to Protect our democracy and the rule of law against a potentially rogue U.S. president, e.g., Donald Trump ............................... 10

SECOND CAUSE OF ACTION - request for a declaration and Affirmative Injunction that the Attorney General Underwood take appropriate measures to protect the Educational rights of the children of ultra-orthodox (Hassidic) parents . 13

THIRD CAUSE OF ACTION - request for declaratory and Injunctive relief that the Public school system Defendants protect the educational rights of the children of hassidic parents in kings, rockland and orange counties ......................................... 15

FOURTH CAUSE OF ACTION - Request for Declaratory and Injunctive Relief that Representative Maloney cannot simultaneously Run for Two political Offices, as this is illegal and deprives New York voters of representation ........................................ 16

CONCLUSION ......................................................................................................... 17

## PARTIES

1.    Plaintiff Michael "Mike" Diederich, Jr. is a resident and taxpayer of the Town of Stony Point, County of Rockland, State of New York, and is presently seeking the office of the Attorney General of the State of New York.

2.    Plaintiff's Joshua Doe and Janna Doe, are fictitious names of children of Ultra-Orthodox (Hassidic) parents receiving a deficient secular education because of their parents' and their religious community's insularity.

3.    Defendant Barbara Underwood is the esteemed former Solicitor General and recently appointed Attorney General of the State of New York.

4.    Defendant Sean Patrick Maloney is a resident of the State and the incumbent and very competent U.S. Representative for New York's 18th congressional district.

3

B000004

5.   The Defendant Superintendents and Chancellor of the above-captioned public school districts, upon information and belief, are each heads a public school district wherein are located private schools run by ultra-Orthodox (Hassidic) sects.

**A.  Background**

6.   Plaintiff Diederich is a citizen, taxpayer and resident who pays taxes to various taxing authorities in the State of New York, including income tax to the State of New York.

7.   Plaintiff is also a public citizen, a lawyer, and a retired "citizen soldier," with 29 years of service in the U.S. Army Reserve, including active duty tours of duty in Germany (1984-87) during the Cold War, to Iraq (2014-05) and to Afghanistan (2012, Bronze Star medal), retiring in the rank of lieutenant colonel.

8.   As a citizen of the State of New York and as a citizen and patriot of the United States of America, Plaintiff has grave concerns that our democracy is threatened by an American citizenry that is not sufficiently involved in public affairs, and where the citizens are not adequately represented by their elected officials.

9.   Plaintiff also has grave concerns that our democracy is threatened by an American society that is increasingly deficient in the education needed for our democracy to survive.

10.   Specifically, upon information and belief, to the same degree that citizens are not adequately educated in secular fields of study of history, science and civics, they are less able to understand the needs of democracy as formulated by the United States' and New York State's Founding Fathers.

11.   This lawsuit asserts that in several different respects, the State Attorney General's Office is not sufficiently protecting our democracy, because New York State

4

B000005

and its political subdivisions are permitting an inadequately educated citizenry, and for political purposes are creating an ill-informed citizenry, resulting in State action such as:

a. Deeming money to be speech for State (and federal) constitutional purposes, thereby depriving the voters of middle class or less wealth of access to elected representatives, and thus depriving them of their federal and state constitutional right to petition government;

b. The Gerrymandering of political districts to ensure the politicians' re-election;

c. Allowing corporate profit to trump the health and safety of New York's public, as most recently reflected by the opioid epidemic, but also in the destructive (and racially biased) criminal justice system of mass incarceration;

d. Failing to argue against "ministerial immunity" for lay teachers and principals of Roman Catholic parochial schools, and thereby silently endorsing a Second Circuit Court of Appeals interpretation of the *Hosanna-Tabor* Supreme Court case that will endanger the civil rights of all employees of Church-affiliated entities;

e. Failing to argue for the interests of middle class and lower wage employees, and union workers, who have been wrongfully terminated from employment, yet denied a jury trial by federal court judges who seem uninterested in or hostile to the idea of protecting the rights of individuals;

f. Failing to protect the interests of small business trying to operate their businesses in the State of New York, yet oppressed by the unreasonable

B000006

actions of governmental bureaucrats, where the Attorney General's

subordinate staff could correct the abuse, and protect the small business

owner and its employees;

g.   Failing to sufficient protect the natural environment and human health; and

h.   Failing to protect the educational rights of Hassidic children, thereby

depriving them of the constitutional right of (and the body politic's need

for) an educated, informed citizenry;

and that it is the job of the Attorney General to take appropriate legal action in state and

federal courts, including the U.S. Supreme Court, to rectify the above problems.

12.   The candidates for the office of Attorney General should address the above

issues in their respective campaigns.

13.   Plaintiff will discuss the subject of the adequate education of children first.

**B.   Hassidic children's constitutional right to an adequate education**

14.   Taken to the extreme, Plaintiff believes that if an insular community (religious

or otherwise) prevents its members' children from receiving an adequate secular

education (an education in the 3 R's,[1] science, history and civics), the children will find

it impossible to become informed, contributing citizens of the larger body politic.  The

children will also, for example, be unable to academically qualify for military service.

15.   Under the Education Law of the State of New York, the superintendent of

schools of the public school system in which a private school (including "religious"

school) is located is required to enforce the New York State requirement that the children

of all private schools (including religious) receive a substantially equivalent education as

do public school students.

---

[1] Reading, writing and arithmetic.

6

B000007

16.   ·Upon information and belief, one or more Hassidic yeshivas in each of the above-referenced school districts fail to provide elementary and high school aged children with an education in secular subjects that is substantially equivalent to the education provided in the public schools within the school district.

### C.  Democracy needs education on human behavior and civics

17.   Upon information and belief, a sound secular education is needed in today's world in order for the citizenry to maintain a viable democracy under the rule of law. This requires the teaching of history, the social sciences, the biological sciences as relevant to human behavior, and perhaps most importantly, principles of government and civics.

18.   One consequence of the failure of schools in our state and our nation to teach the above-referenced topics is that citizens fall prey to emotional appeals over reason; become tribal in their interactions with other people (their "in-group" versus their perceived opponents' "out-group"); become overly opinionated; and succumb to divisive approaches go politics, with hatred of others the consequence.  Civility in political discourse becomes impossible.

### D.  Donald Trump's potential "Presidency gone Rogue"

19.   One result of the lack of education about human nature and civics is the inability of politicians at the national level to compromise with the other side for the good of the American people.  Politics becomes blood sport.  Special interest and corporate money is the addictive drug.  Re-election and the accoutrements of power (including the financial rewards after leaving office) are the drug's euphoria.

20.   Plaintiff Diederich believes the situation in New York, with our educated citizenry and ethnic, religious and cultural diversity, is much better than in the nation.

B000008

Nevertheless, unless political leaders such as the state Attorney Generals in New York and neighboring states take action to fix our democracy, our politics will become a "race to the bottom."

21.    One of "our own," New Yorker Donald Trump, is an example of the type of individual who can lead our Country into the abyss.   Hopefully he will not.  But Plaintiff believes that President Trumps actions and words, and those of his attorneys, are views which, if accepted, threaten our democracy and the Republic.

22.    For example, former Mayor Rudolf Guliani's statement, as President Trump's lawyer, that President Trump could have "shot" FBI Director Comey and yet been immune from prosecution is to view the President as a monarch, not an elected representative of the people.  Mr. Trump is not above the law.  His oath of office is to uphold the law, including the Constitution.

23.    If a president can shoot people and not be subject to prosecution, then he can also orchestrate a purge, like Hitler or Stalin, and not be subject to prosecution.  This is not the form of government that the Founding Fathers envisioned or fought for.   This is a form of government that citizens must resist.

24.    The N.Y.S. Attorney General, as top lawyer in the state, must undertake all reasonable means to ensure that New York is protected against a monarchial federal government, and a rogue President.  Hopefully the rogue president will not be Donald Trump, but if President Trumps' views of power are left unchallenged, one day in the future the rogue president will arise, and Attorneys General and States must be prepared to defend the Republic and democracy under the rule of law.

25.    New York's Attorney General must lead the way.

B000009

### E.  Issues the Attorney General should address, for the People

26.    The failure to soundly educate the public in topics which are needed in order to have a rational, civil debate for the welfare of the majority of citizens, respecting the rights of the minority, include vital issues of the day, many of which are important for the long-term survival of our democracy.

27.    Plaintiff suggests that Attorney General Underwood and the other AG candidates consider the following as a partial list of necessary legal advocacy and problems that the AG could assist in solving:

a.  "Justice delayed is Justice denied (by State agencies and courts);

b.  The "Religious Block Vote" damages democracy;

c.  "Ministerial immunity"—destroys the civil right and religious freedom of individuals

d.  Injustice in Family Court and in Domestic Relations matters;

e.  Injustice towards individuals in Federal Courts—the AG can "guilt" those courts into doing better;

f.  The AG's Office can spearhead the fight against the Opioid Epidemic;

g.  Immigration Enforcement and Dreamers—The AG can ensure that N.Y.S. keeps its sovereignty and its values of fairness;

h.  Puerto Rican debt litigation in the New York federal courts—the AG should be involved to protect New Yorkers' families and relatives;

i.  LGBT Rights and Gay Marriage—the AG must take the lead in ensuring the rights of personhood;

j.  Abortion & choice-- the AG must protect women's rights, and oppose non-majoritarian, Evangelical views of human rights;

k.  Gun control—allowing concealed arms for everyone in our cities is insanity, and NRA disinformation must be exposed;

l.  Private lawyers should be encouraged to represent the disadvantaged, and the victims of injustice;

m.  The AG should advocate for the People's constitutional "right to petition" in all its forms;

n.  More jury trials are needed, by more courts;

o.  Worker's collective bargaining rights—workers must be allowed Unions who can protect them against Corporate America;

9

p.  Protecting employees in the workplace against unlawful discrimination or harassment (sexual or "bullying"), and

q.  Protecting the Environment against loss of biodiversity and global warming.

28.   The AG candidates are requested to state their views as to the above matters, whether or not they choose to intervene in this lawsuit (and they are invited to intervene—if they know how, as none is a practicing lawyer).

**F.  Representative Maloney should remain in Congress—to fight for democracy**

29.   If Defendant Maloney runs for both his congressional seat, and also for Attorney General, he will hurt the constituency that has supported him.   For example, if he wins the AG primary, he will deprive his congressional district of its voters desired representative—him!

30.   On this subject, AG Underwood can serve as a "neutral."  Plaintiff requests that she join him in opposing Congressman Maloney's bid for two separate elective offices.

31.   Attorney General Underwood should take over this litigation as to Congressman Maloney.

**FIRST CAUSE OF ACTION -**
**REQUEST FOR DECLARATION THAT THE DEFENDANT ATTORNEY**
**GENERAL MUST TAKE PRECAUTIONARY ACTION TO PROTECT OUR**
**DEMOCRACY AND THE RULE OF LAW AGAINST A POTENTIALLY**
**ROGUE U.S. PRESIDENT, E.G., DONALD TRUMP**

32.   Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

33.   What if, hypothetically, President Trump were found to have committed high crimes, or even treason, warranting criminal prosecution?  Or if hypothetically he were to shoot the current FBI Director or Mr. Mueller, or Senator McCain and other Republicans

B000011

standing up for the rule of law (or who otherwise might vote to convict the President upon impeachment)?  Such would be the action of a rogue president, and also a form of purge that has been common in human history—the strong man overcoming political opponents through force.  This is nothing in our country that prevents this type of tyrannical power grab except our values (developed through education in civics, our history and our culture) and the rule of law.

34.   The N.Y.S. Attorney General, and other states' attorneys general, must take precautionary action to prevent the destruction of the rule of law, and the possible destruction of our democracy by a future autocrat.

35.   The Attorney General can certainly set an example, by acting in a clearly apolitical fashion in enforcing the law without consideration of politics.   The Attorney General can lead by example regarding bi-partisanship, and reducing conflict between political factions; and striving for cooperation in pursuit of the public welfare.

36.   But prudence dictates, in this Age of Trump, that the Attorney General also take precautionary action to protect our democracy.

37.   One such action is to enforce school educational requirements, so that when school children become adults, they are also educated and informed citizens that can recognized a demagogue when one appears, and oppose authoritarianism.

38.   But the Attorney General must also take steps to safeguard the state and nation in  the event of that a rogue president attempts to destroy representative democracy under the rule of law.

B000012

<u>The N.Y.S. Attorney General can criminally prosecute a U.S. President under state law</u>

39.   For example, if sound evidence were uncovered showing that President Trump committed serious felonies in New York State, then the Attorney General should indict and prosecute him if within the AG's jurisdiction.

40.   The President has no power to pardon himself against a state court prosecution.

<u>Other options must be explored, for example, a military court martial against the "Commander in Chief"</u>

41.   The N.Y.S. Attorney General, preferably in cooperation with other Attorney Generals throughout the Nation, should develop other legal strategies to protect our federal Republic and our democracy if a rogue President were to arise.

42.   As another example of a possible legal remedy to a rogue president, a sound argument might be made that as "Commander in Chief" and thus top officer of the U.S. armed forces (U.S. CONSTIT., Art. II, §. 2, Cl. 1),  that he is also subject to the Uniform Code of Military Justice ("UCMJ").  Thus, if the President were to commit a crime punishable under the UCMJ (for example, Aiding the Enemy, 10 U.S.C. § 904, of destroying government property, § 909, or malingering, § 915, or murder, § 118, rape or carnal knowledge, § 120, to name a few military crimes), any service member could prefer UCMJ  charges against him and a convening authority would decide whether a court martial trial should be held.

43.   Since the President swore an oath to abide by the law, he should recuse himself from influencing or supervising the military court martial tribunal, and for the same reason should be precluded from pardoning himself (his Art. II, § 2 power).

B000013

44.   The N.Y.S. Attorney General could effectively argue the applicability of the UCMJ to the president if the circumstances warranted.  For example, the AG could support a New York resident on active military duty or a federalized National Guard soldier in filing UCMJ charges against the president, and supporting a panel of senior military generals in trying the case.

45.   The AG could persuasively argue to the U.S. Supreme Court that allowing a UCMJ proceeding would uphold the Rule of Law.

46.   If the President were convicted, the U.S. Vice-President would uphold or reverse the conviction, and if upheld, the Vice-President would then take office.  There would be no military coup.  Our democracy and rule of law would remain intact.

47.   Because our democracy under the rule of law is at risk if the N.Y.S. Attorney General does not exercise his or her powers to safeguard against a rogue president, this Court must enjoin and direct the Attorney General to examine whether credible risks to our democracy under the rule of law exist under President Donald Trump, and if so, to take appropriate precautionary measures or, if sufficient evidence exists, to file a lawsuit to remedy non-criminal wrongdoing or to prosecute a criminal indictment in state court if credible evidence of serious crime is found to exist.

### SECOND CAUSE OF ACTION -
### REQUEST FOR A DECLARATION AND AFFIRMATIVE INJUNCTION THAT THE ATTORNEY GENERAL UNDERWOOD TAKE APPROPRIATE MEASURES TO PROTECT THE EDUCATIONAL RIGHTS OF THE CHILDREN OF ULTRA-ORTHODOX (HASSIDIC) PARENTS

48.   Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

B000014

49.   The N.Y.S. Education Law requires that private schools in the state, including "religious" schools, provide a secular education "substantially equivalent" to the instruction received in the public schools of the geographical area.

50.   Upon information and belief, in some, or perhaps many, yeshivas run by Ultra-Orthodox (Hassidic) sects, the children of these sects' members do not receive a sound secular education, nor an education even approaching what is given in the public schools and that is necessary to be educated and informed members of the larger community.

51.   Plaintiff requests the Court to direct Attorney General Underwood to take all appropriate and necessary action to compel local superintendent of school, and the private schools (yeshivas) to provide the children with a sound secular education, and one sufficient to educationally qualify the students, by age 18, to serve in the U.S. military if called upon to do so in time of national crisis.  This is a civil obligation that should apply to all citizens, regardless of their religion[2] or cultural identity.

52.   The children, and the larger body politic, are injured when children do not grow to be educated, informed citizens.

53.   If necessary, the Court can permissibly view some or all of the relief requested in this complaint as a petition under CPLR Article 78.

54.   Plaintiffs request this declaratory and injunctive relief.

---

[2] As to *bona fide* conscientious objectors, the 18 year old should be qualified for alternative civic duties in a national crisis, for example, serving as medical personnel.

B000015

### THIRD CAUSE OF ACTION -
### REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF THAT THE
### PUBLIC SCHOOL SYSTEM DEFENDANTS PROTECT THE EDUCATIONAL
### RIGHTS OF THE CHILDREN OF HASSIDIC PARENTS
### IN KINGS, ROCKLAND AND ORANGE COUNTIES

55.   Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

56.   The Defendant N.Y.S. Schools Chancellor, and two other Defendant Superintendent of Schools, have a legal duty under the N.Y.S. Education Law and N.Y.S. Constitution to protect children's educational needs, and to guarantee them a sound secular education, substantially equivalent to that given in the public schools, so that these children can be educated, productive citizens upon reaching the age of majority.

57.   Upon information and belief, the Defendant school heads are failing in this duty.

58.   Plaintiff requests that the Court direct the Defendant school heads to take appropriate action to protect the educational rights of Hassidic children.

59.   Plaintiff requests that this Court allow one or more real children to be substituted for the fictitious "Doe" plaintiffs named in the caption, of any parents brave enough to stand up against their insular religious sect in support of better secular education.

60.   Plaintiffs requests that the Court grant this declaratory and injunctive relief.

B000016

### FOURTH CAUSE OF ACTION -
### REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF THAT REPRESENTATIVE MALONEY CANNOT SIMULTANEOUSLY RUN FOR TWO POLITICAL OFFICES, AS THIS IS ILLEGAL AND DEPRIVES NEW YORK VOTERS OF REPRESENTATION

61.   Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

62.   It will deny New York citizens their right to a representative, if Congressman Maloney seeks two different elective offices.

63.   Most obvious is that if Mr. Maloney were to be elected to both offices, he could not serve in both offices.  He would need to choose, thereby abandoning the voters of the office he vacated.

64.   The citizens who voted for him for Congress would, for example, immediately find that their vote was wasted if he were to resign that office to become N.Y.S. Attorney General.

65.   There would be insufficient time to find an adequate, electable congressional candidate as a replacement.  In view of our national politics, the loss of a Democratic seat in Congress is (in Plaintiff's view) not what the voters want.

66.   Upon information and belief, federal and state election laws prevent Congressman Maloney from seeking two offices simultaneously.

67.   Attorney General Underwood and her staff are legal experts in this field.  And she is an apolitical, career civil servant.  Thus, as a "neutral," she should closely examine this issue and, if she finds that the law is on Plaintiff's side, take the side of Plaintiff in this lawsuit.

B000017

68.   Wherefore, Plaintiff requests appropriate declaratory and injunctive relief

against Congressman Maloney if it finds that he is violating federal or state election law

by running for two different elective offices.

## CONCLUSION

WHEREFORE, Plaintiff Diederich requests that the Court grant declaratory and

injunctive relief:

    a.  Taking appropriate action to defend our democracy under the rule of law, including, if necessary suing or prosecuting the President of the United State if sufficient credible evidence for such action exists or is uncovered;

    b.  Compelling AG Underwood to take action to protect the educational rights of Hasidic children;

    c.  Compelling the Defendant public school heads to likewise take action to protect the educational rights of Hasidic children; and

    d.  Prohibiting Congressman Maloney from running for two office simultaneously (Congress and N.Y.S. Attorney General);

    e.  allowing AG Underwood to substitute into this action as a Plaintiff if she sees that the law and facts favor Plaintiffs,

    f.  deeming this complaint to be a hybrid action/Article 78 proceeding if necessary, and

    g.  granting such other and further relief as this Court deems just and equitable.

Dated: Stony Point, New York
      June 8, 2018

/S/

MIKE DIEDERICH, JR.
*Plaintiff, Pro Se*
Diederich Law Office
361 Route 210
Stony Point NY  10980
(845) 942-0795
Miked4AG@gmail.com or Mike@DiederichLaw.com

B000018