UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MIKE DIEDERICH JR., individually and on behalf of the class of citizens and taxpayer directly affected citizens of the State of New York; JOSHUA DOE; and JANNA DOE, individually, and as representatives of the class of all children similarly situated,

                                Plaintiffs,

v.

LETITIA JAMES, N.Y.S. Attorney General; CHANCELLOR OF THE NYC DEPARTMENT OF EDUCATION, SUPERINTENDENT OF SCHOOLS OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT; SUPERINTENDENT OF THE KIRYAS JOEL VILLAGE SCHOOL DISTRICT; BILL de BLASIO, New York City Mayor; MARYELLEN ELIA, New York State Commissioner of Education; BETTY ROSA, Chancellor of the New York State Board of Regents; and THOMAS P. DiNAPOLI, N.Y.S. Comptroller,

                                Defendants.

1:19-cv-00035 (BKS/CFH)

---

**Appearances:**

*Plaintiff pro se:*
Michael D. Diederich, Jr.
361 Route 210
Stony Point, New York 10980

*For Defendant New York State Attorney General Letitia James:*
Letitia James
Attorney General of the State of New York
Ryan L. Abel
Assistant Attorney General
New York State Attorney General's Office
The Capitol
Albany, New York 12224

*For Defendants Chancellor of the New York City Department of Education and New York City Mayor Bill de Blasio:*
Zachary W. Carter
Corporation Counsel of the City of New York
David S. Thayer
Assistant Corporation Counsel
100 Church Street, Room 2-305
New York, New York 10007

*For Defendant Superintendent of Schools of the East Ramapo School Central School District:*
Elliot A. Hallak
Victoria A. Graffeo
Douglas Gerhardt
Nicholas Roberts
Harris Beach, PLLC
677 Broadway, Suite 1101
Albany, New York 12207

*For Defendant Superintendent of the Kiryas Joel Union Free School District:*
Frederick J. Berman
Matthew J. Delforte
Jacob S. Claveloux
Shebitz Berman & Delforte, P.C.
1350 Avenue of the Americas, 4th Floor
New York, New York 10019

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On June 8, 2018, Plaintiff Michael Diederich, Jr., an attorney proceeding pro se, filed a summons and putative class action complaint in New York Supreme Court, Albany County, on behalf of himself and two fictitious Plaintiffs, Joshua and Janna Doe, alleging claims under New York law. (Dkt. No. 1-1). On December 11, 2018, Plaintiff amended his complaint to include federal claims. (Dkt. No. 2). On January 9, 2019, Defendant Attorney General Letitia James

removed the action to this Court under 28 U.S.C. § 1446, asserting federal question jurisdiction under 28 U.S.C. § 1331.[1] (Dkt. No. 1).

Defendants move to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2] In addition, Defendants argue that Plaintiff lacks capacity under Fed. R. Civ. P. 17(a), that granting the relief Plaintiff seeks would violate the Separation of Powers doctrine, that Plaintiff failed to file a notice of claim as required under the New York Education Law, that Plaintiff lacks standing under New York law, that Plaintiff's Amended Complaint violates Fed. R. Civ. P. 8, and that he is not a member of the putative class. (Dkt. Nos. 9, 11–13). In response, Plaintiff voluntarily withdraws his federal claims and requests that the Court remand his state law claims. (Dkt. No. 16). Defendants do not oppose the withdrawal of Plaintiff's federal claims but argue that the Court should dismiss the state law claims. (Dkt. No. 17, at 1–2; Dkt. No. 18, at 6; Dkt. No. 20, at 1–2; Dkt. No. 21, at 2). For the reasons that follow, the federal claims are dismissed without prejudice, and the state law claims are remanded.

## II.   BACKGROUND

Plaintiff's Amended Complaint alleges numerous federal and state law claims[3] against the following defendants: (1) New York State Attorney General Letitia James; (2) the Chancellor

---

[1] All Defendants who "received a copy of the Amended Complaint" consented to removal. (Dkt. No. 1, ¶ 8).

[2] Defendants Elia and DiNapoli were apparently never served with Plaintiff's complaint, and the record is unclear as to whether Defendant Rosa was ever served. (*See* Dkt. No 11, at 2 n.1). Defendant James's motion to dismiss says that Defendants Elia and DiNapoli were never served but does not mention Defendant Rosa. (*See id.*).

Defendants Chancellor of the New York City Department of Education and New York City Mayor Bill DeBlasio assert that Plaintiff failed to effect adequate service of process on them. (Dkt. No. 18, at 6). In light of the Court's ruling, it does not address that issue.

[3] Although Plaintiff's claims are difficult to parse, he alleges the following federal claims: a federal Equal Protection claim; a Guarantee Clause claim under Article IV, § 4 of the Constitution; First, Thirteenth, Fourteenth Amendment claims; claims arising under 42 U.S.C. §§ 1981, 1983, 1985, 1986; and a RICO claim. (Dkt. No. 2, at 69–105).

Plaintiff alleges the following claims under New York law: two violations of equal protection under New York's constitution; a claim under New York's constitution to guarantee "children[] . . . sound secular education . . . substantially equivalent to that given in public schools"; a claim that the New York State Department of Education is "unconstitutionally insufficient" at responding to "the violation of Hasidic children's rights"; a claim for educational

3

of the New York City Department of Education; (3) the Superintendent of the East Ramapo Central School District; (4) the Superintendent for the Kiryas Joel Union Free School District;[4] (5) New York City Mayor Bill de Blasio; (6) New York State Commissioner of Education MaryEllen Elia; (7) Chancellor of the New York State Board of Regents Betty Rosa; (8) and New York State Comptroller Thomas P. DiNapoli (together "Defendants"). (Dkt. No. 2, at 5–6). Plaintiff's claims are brought against each defendant in his or her official and individual capacities except for the claims against Defendants James and DiNapoli, which are brought against them only in their official capacities. (*Id.* at 6).

In broad terms, Plaintiff's Amended Complaint—which spans 105 pages—alleges that the Hasidic Jewish community "prevents its members' children from receiving an adequate secular education" in violation of state and federal law. (*Id.* at 10). Plaintiff requests, among other remedies, that the state and local officials "take legal action to prevent such fraud and eliminate this State-condoned educational neglect." (*Id.* at 10–11, 105).

### III.   DISCUSSION

#### A.   Plaintiff Withdraws His Federal Claims

Defendants' motions to dismiss each argue, *inter alia*, that Plaintiff lacks standing under Article III to bring his claims in federal court. (Dkt. No. 9-1, at 10–16; Dkt. No. 11-1, at 10–14; Dkt. No. 12-2, at 14–19; Dkt. No. 13-1, at 12–15). In response, Plaintiff withdraws all of his federal claims "because no Hasidic plaintiff has joined this lawsuit to provide a strong grounds [sic] for standing." (Dkt. No. 16, at 3). As no Defendant has answered Plaintiff's Amended Complaint or moved for summary judgment, Plaintiff is entitled to voluntarily dismiss this

---

neglect; two claims under the New York State Education Law; a claim seeking to enjoin the Defendant DiNapoli from disbursing state funds for unlawful purposes; and a request for intervention by Defendant James. (*Id.*).

[4] The Kiryas Superintendent notes that he was sued in Plaintiff's Amended Complaint under the erroneous name, Superintendent of the Kiryas Joel Village School District (Dkt. No. 9-1, at 6).

action. Fed. R. Civ. P. 41(a)(1)(A)(i) ("[T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."). Accordingly, Plaintiff's federal claims are dismissed.

### B. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claim

Plaintiff further requests that the Court "decline to exercise its supplemental jurisdiction and . . . remand this case back to [the New York State] Supreme Court." (*Id.* at 2). Once remanded, Plaintiff states that he also "intends to withdraw all the state law claims set forth in the Amended Complaint, with the sole exception of his Thirteenth Cause of Action seeking injunctive and other taxpayer relief against the [New York State] Comptroller." (*Id.*). Defendants argue that the Court should dismiss, rather than remand, the state law claims. (Dkt. No. 17, at 1–2; Dkt. No. 18, at 6; Dkt. No. 20, at 1–2; Dkt. No. 21, at 2). Unlike with his federal claims, however, Plaintiff has not withdrawn his state law claims, writing only that he "intends" to do so. (Dkt. No. 16, at 2). Moreover, in their reply briefs, Defendants cite no authority for the proposition that the Court should simply dismiss them rather than remand.

The Court therefore declines Defendants' request and will remand Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Chapman v. Crane Co.*, 694 F. App'x 825, 829 (2d Cir. 2017) (explaining that the district court appropriately declined to exercise supplemental jurisdiction where the plaintiffs had "abandoned their claims giving rise to original jurisdiction; it was still an early stage of the proceedings . . . and interests of comity militated in favor of remand because the case was predominately a matter of state law" (citing

5

*Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 124 (2d Cir. 2006))); *Valencia v. Lee*, 316 F.3d 299, 308 (2d Cir. 2003) ("Because this case was commenced in state court, the district court should remand the action to the state court in which it was originally filed."); *Christiani v. BenefitPoint, Inc.*, No. 04-cv-638, 2004 WL 7330983, at *2, 2004 U.S. Dist. LEXIS 33040, at *4 (D. Conn. Oct. 5, 2004) ("Now that there are only state claims remaining, the state court is better positioned to address the claims, and given the early stage of the proceedings, the parties will not be unduly inconvenienced by a return to state court."). Accordingly, Plaintiff's state law claims are remanded to New York Supreme Court, Albany County, where the case originated.

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's federal claims[5] are **DISMISSED without prejudice**; and it is further

**ORDERED** that Defendants' motions to dismiss, (Dkt. Nos. 9, 11–13), are **DENIED** as moot; and it is further

**ORDERED** that this action is **REMANDED**[6] to New York Supreme Court, Albany County for all further proceedings. (The Court notes that Plaintiff has represented that, on remand, he "intends to withdraw all the state law claims set forth in the Amended Complaint,

---

[5] The federal claims dismissed without prejudice are: the federal Equal Protection claim; the Guarantee Clause claim under Article IV, § 4 of the Constitution; the First, Thirteenth, Fourteenth Amendment claims; the claims arising under 42 U.S.C. §§ 1981, 1983, 1985, 1986; and the RICO claim. (Dkt. No. 2, at 69–105).

[6] As best as the Court can determine, it appears that the remanded state law claims are: the two violations of equal protection under New York's constitution; the claim under New York's constitution to guarantee "children[] . . . sound secular education . . . substantially equivalent to that given in public schools"; the claim that the New York State Department of Education is "unconstitutionally insufficient" at responding to "the violation of Hasidic children's rights"; the claim for educational neglect; the two claims under the New York State Education Law; the claim seeking to enjoin the Defendant DiNapoli from disbursing state funds for unlawful purposes; and the request for intervention by Defendant James. (*Id.*).

with the sole exception of his Thirteenth Cause of Action seeking injunctive and other taxpayer relief against the [New York State] Comptroller." (Dkt. No. 16, at 2)); and it is further

**ORDERED** that the Clerk is directed to mail a copy of this Memorandum-Decision and Order to the Clerk of the Supreme Court of the State of New York in Albany County for filing in *Diederich v. James et al.*, Index No. 903772-18.

**IT IS SO ORDERED.**

Dated: September 25, 2019
       Syracuse, New York

*/s/ Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge